**VALLEY DEVELOPMENTS, Inc., v. LAMB et ux.**

No. 8876.

Court of Civil Appeals of Texas. San Antonio.

Oct. 19, 1932.

Carter & Stiernberg, of Harlingen, for appellant.

H. B. Galbraith, of Brownsville, and H. R. Maxwell, of Harlingen, for appellees.

SMITH, J.

On March 9, 1929, E. E. Lamb and wife purchased a tract of 14.26 acres of land in Cameron county from Valley Developments, Inc., for a consideration of $15,400, payable partly in cash, and partly on time. About a year afterwards Lamb became dissatisfied with his purchase, claiming that the selling agent of his vendor had misrepresented the quality of the land, and thereby deceived him into making the purchase. He complained to the president of the corporation, and, as a result of the ensuing negotiations, the two entered into an agreement whereby the corporation was bound to make certain improvements upon the land in settlement of the purchaser's claims. This agreement of settlement was reduced to writing and accepted by Lamb, who, nevertheless, thereafter filed this suit for rescission, or, in the alternative for damages, based upon the charges of fraud previously made by Lamb. Upon a trial the count for rescission went out of the case, but the trial court, disregarding the pleading and proof of settlement, submitted the case for damages, and, upon jury findings, rendered judgment

in favor of Lamb for some $6,500. The corporation, Valley Developments, Inc., has appealed. Appellees have not contested the appeal, either by brief or oral argument.

Appellant presents numerous assignments and propositions, but we see no occasion to discuss more than the controlling contention that appellees were precluded by the settlement and the performance of the conditions thereof by appellant. That agreement was expressed in the plainest terms, in writing, was accepted by appellees unequivocally and irrevocably, and thereby became the measure of the rights and liabilities of the parties.

It is undisputed that appellant fully performed the conditions of the settlement, but, even if it had defaulted thereon, appellees' remedy therefor lay in a suit for damages for breach of that agreement, and not in a suit for damages for deceit practiced upon them by appellant in the original transaction.

The evidence of the settlement is undisputed, is conclusive, was apparently fully developed below, and by force of its effect the trial court should have directed a verdict for appellant, and rendered appropriate judgment thereon.

The judgment is reversed, and judgment here rendered that appellees take nothing by their suit, and pay all costs of the litigation.