WILLIAM C. DANIEL v. M. W. HENRY.

Where the contract stipulated to pay an amount of money upon one contingency, without mentioning the rate of interest; but, upon another contingency, stipulated for *ten per centum per annum* interest, and the case proved was the happening of the first contingency, the judgment should have been for simple and not conventional interest. (Paschal's Dig., Art. 3940, 3941, Notes 930, 931.)

ERROR from Cherokee. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

Henry sued Daniel on the following instrument:

"$250 00. By the first day of April next we, or either of us, promise to pay M. W. Henry, or bearer, the sum of two hundred and fifty dollars, for value received of him this the

6th day of March, 1857. The condition of the above note is this: That M. W. Henry has this day paid James Ferguson two hundred and fifty dollars, on a compromise of a suit, wherein James Ferguson is plaintiff and Henry is defendant; and .if said suit should not be dismissed, as per agreement made this day, then we are to pay the above note off; and if dismissed, as per agreement, then I am to pay the said Henry ten per cent. for the money advanced to me.                                    JAMES FERGUSON,
                                      "WM. C. DANIEL."

The proof was, that the suit was not dismissed, but prosecuted to judgment. The court instructed the jury to find interest at ten per centum per annum. The question was as to the correctness of that instruction.

The brief for plaintiff in error is not signed by counsel.

No brief for the defendant in error has been furnished to the *Reporter.*

COKE, J.—The rulings of the court in this case were correct on all the points raised by the assignments of error, except that portion of the instruction to the jury which directed them to find ten per cent. interest on the amount of the note sued on, which is believed to be erroneous. The contract of the parties is defined by the instrument, and their intention must be deduced from a fair construction of its terms. By the terms of the note sued on, upon the happening of one certain event, to wit, the dismissal by Ferguson of his suit against Henry, the makers of the note were to pay ten per cent. for the money advanced. If, however, the suit should not be dismissed, according to the compromise agreement, their obligation was simply to pay a certain amount of money, with no specified rate of interest. If the suit should be dismissed, according to agreement, the makers of the note were to be bound, not for the

amount of the note, but for ten per cent. of the amount. If the suit should not be dismissed, then they were to be bound for the whole amount.

These conditions are alternative. But one of them could be fulfilled. The plaintiff could not be entitled to recover on both, nor the defendant be liable on both, for the plain reason, that a breach of but one of them could be committed. The ground relied on by the plaintiff for a recovery, alleged in his petition and fully sustained by the proof, is, that Ferguson not only failed to dismiss his suit according to the agreement, but prosecuted it to judgment against him. While the allegation and proof of this fact entitled him to a judgment for the amount of the note sued on, with eight per cent. interest from its maturity, (no rate of interest having been stipulated for,) it negatived his right to demand ten per cent., by showing the non-existence of the fact which alone would entitle him to it. The jury, in obedience to the erroneous instruction of the court, assessed ten per cent. interest on the amount of the note, and for this, together with the principal amount, brought in their verdict. This is error, for which the judgment must be reversed.

Judgment reversed, and cause remanded for further proceedings.

REVERSED AND REMANDED.