# FEBRUARY, 1929

JOSEPHINE E. VOGEL ET AL. v. REECE S. ALLEN.

No. 5129.   Decided February 6, 1929.
(13 S. W., 2d Series, 340.)

*McLean, Scott & Sayers, Wm. R. Watkins,* and *T. B. Greenwood,* for appellants.

Where conveyances provide for an equal division between the grantors and the grantee, of any profits made by the grantee in sales to third persons of oil and gas rights in the land conveyed, and such profits are thereafter received, a trust in such profit fund is created from the time of the receipt thereof by the grantee, and he is liable to account to the heirs of the grantors for the grantors' share thereof.   Attaway v. Bank, 15 Mo. App., 578; Bank v. Burrus Mill, 207 S. W., 400; Becht v. Martin, 37 Texas, 719; Booth v.

Bank, 54 Pac., 320; Blanch v. DeBlanc, 62 S. W., 134; Brotherton v. Weatherby, 73 Texas, 473; Calder v. Eaton, 12 N. W., 892; Cameron v. Nelson, 77 N. W., 771; Casper v. Whitney, 3 Hill, 95; Clark v. Haney, 62 Texas, 141; Coffin v. Douglass, 61 Texas, 406; Craycroft v. Crawford, 285 S. W., 275; Darrow v. Calkins, 154 N. Y., 503; Davis v. Davis, 49 S. W., 726; Day v. Williams, 193 S. W., 239; Eaton v. Barnes, 49 S. E., 593; Faulk v. Dashiell, 62 Texas, 642; Frank v. Williams, 37 Texas, 24; Frier v. Lake, 115 Ill., 662; Joyce v. Bocquin, 149 N. E., 360; K. O. L. M. v. Hair, 192 S. W., 801; Laguerenne v. Farrar, 61 S. W., 953; Lamb, Ex Parte, 215 Pac., 109; Logan v. Brown, 95 Pac., 441; McAllen v. Alonzo, 102 S. W., 475; McBride v. Briggs, 199 S. W., 341; McCarthy v. Woods, 87 S. W., 405; McDonald v. Dexter, 85 N. E., 209; Mills v. Thomas, 144 N. E., 412; Missouri etc. R. Co. v. Carter & Bro., 95 Texas, 461; Mohn v. Mohn, 13 N. E., 859; Molera v. Cooper, 160 Pac., 231; Ragsdale v. Robinson, 48 Texas, 379; Samuels v. Brooks, 207 S. W., 626; San Jacinto Co. v. Ft. Worth Co., 93 S. W., 173; Simonds Estate, In re, 50 Atl., 1005; Talbott v. Barber, 38 N. E., 487; T. & N. O. R. Co. v. Jones, 187 S. E., 717; Thomas v. Merry, 15 N. E., 244; Vogt v. Gurdry, 229 S. W., 656; Walker v. Mitchell, 244 S. W., 1106; Winder v. Nack, 52 S. W., 561; Wood v. Perkins, 57 Fed., 258; Woolfolk v. Earle, 40 S. W., 247; A. & E. Ency. Law "Trusts & Trustees," p. 894; 39 Cyc., 34, 35, 57, 58, 62–65, 95; 26 R. C. L., 1205; Williston on Contracts, Secs. 619–620.

True, Allen was not bound to exclude the oil and gas privileges in any sale made by him, but this was a provision inserted for the evident purpose of avoiding an encumbrance or cloud on the title and cannot have the effect of relieving Allen of his obligation to account for such profits as he actually received.

With as much involved as there is here, and considering the lapse of time between the execution of the Specht deeds in 1910, and the Witcher transaction, 1918 to 1924, the Court will do well to look carefully to the substance, rather than the form of the latter transaction, and search carefully for the evasion that is evident in its form— especially in view of all the other circumstances in the record which so conclusively denounce Allen's conduct and intentions.

*J. T. Montgomery* and *Kilgore, Rogers & Montgomery,* for appellee.

Under the terms of the deeds from Herman and Clara Specht to Reece S. Allen, he, Allen, had the right to sell the entire fee,

including all oil and gas rights and privileges in the land; and his sale and conveyance of said fee, including the oil and gas rights and privileges, did not render him liable to the plaintiff for any part of the moneys received by him.  6 R. C. L. 834; Menard v. Sydnor, 29 Texas, 257; Northern Irrig. Co. v. Watkins, 183 S. W., 431; Slavens v. James, 239 S. W., 317; Trinity County Lumb. Co. v. Ocean Accident Co., 288 S. W., 214; Watrous' Heirs v. McKie, 54 Texas, 65.

Mr. Judge LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Second Supreme Judicial District certifies for determination by the Supreme Court a number of questions arising in this case.

We do not set forth the certificate of the Court of Civil Appeals at length for the reason that our answer to one of the questions certified renders it unnecessary to answer the remaining questions. We will therefore make such statement of the facts from the certificate as is deemed pertinent to the question to be considered.

Appellants are the legal owners of the estate of Herman Specht and Clara Specht, deceased.  On February 18th, 1910, Herman and Clara Specht sold 21 tracts of land, situated in Wichita County, Texas, described as lots 1 to 21 inclusive, of the Specht subdivision of 3332 acres, to appellee, Reece S. Allen.  The property was conveyed to Allen by 21 separate deeds, each conveying a separate lot.  After reciting a cash consideration and the execution of certain notes, each deed contained the following provision:

"And in further consideration that the said Reece S. Allen agrees to divide equally with the grantors herein all profits made by him by reserving oil and gas privileges, in whole or in part, in sales made to third parties."

Each of said deeds contained the further provision:

"The grantee, however, is not required to reserve oil or gas privileges."

This suit was brought on January 15th, 1927, by appellants as the sole devisees of Herman and Clara Specht against Reece S. Allen, appellee, seeking to recover from him one-half of the profit alleged to have been received on account of the sale of such land, it being alleged that on November 20th, 1920, and January 22, 1921, appellee, by two deeds, sold and conveyed to W. C. Wichter, administrator of the estate of Lucy O'Neil Saunders, 2527.8 acres for a considera-

tion of $278,058.00, which he received in full; that such sale was pursuant to a contract between Allen and E. M. Foster and Lucy O'Neil Saunders, executed on November 25th, 1918. That in said conveyances there was no distinction made as to the price of the oil and gas and other rights conveyed, but as a matter of fact the oil and gas rights were at that time worth $85.00 per acre, and that appellee therefore received for the oil and gas rights $214,863.00, of which they were entitled to receive one-half.

The case was tried to a jury. Only two special issues were submitted, such issues being as follows:

"1. What was the reasonable market value of this land in controversy per acre for all purposes except oil and gas privileges on Nov. 21, 1918?"

To which the jury answered:

"$35.00 per acre."

"2. In the payment of the price paid to the defendant Reece S. Allen for the land in controversy, was such payment partly made to the said Allen by W. C. Wichter, administrator, for the oil and gas privileges in, on, and under said land?"

To which the jury answered:

"Yes."

The trial court sustained appellee's motion for judgment, notwithstanding the verdict, and this judgment was affirmed by the Court of Civil Appeals. Pending a consideration of appellant's motion for rehearing, the questions involved were certified to the Supreme Court.

Our answer to the fifth question submitted by the Court of Civil Appeals is decisive of the controversy. This question reads as follows:

"In view of the findings of the jury heretofore·shown, which have not been challenged by the appellee, and which were not set aside by the trial court, and in view of the quoted provisions in the deed from the Spechts to Allen, and other facts and circumstances mentioned above, did the trial court err in refusing to render judgment in favor of appellants against the appellee for one-half the value of the oil and gas privileges or rights found by the jury."

It is a general rule that the court is not authorized to render a judgment notwithstanding the findings of the jury. Fant v. Sullivan, 152 S. W., 515; Taylor v. Davis, 234 S. W., 104; Lemm v. Miller, 245 S. W., 90.

There is, however, a well recognized exception to this rule to the effect that where under no view of the pleadings and evidence the plaintiff is entitled to recover, the submission of the issues and the findings of the jury are immaterial and may be disregarded by the court. Hayes v. Stone, 36 Texas, 181; Baker v. Coleman Abstract Co., 248 S. W., 412; Ferguson v. Kuehn, 246 S. W., 674; Crowley v. Chapman, 260 S. W., 231; Hicks v. Armstrong, 142 S. W., 1195; Stark v. George, 237 S. W., 948.

Under no view of the pleadings and evidence were appellants entitled to recover against appellee, hence the court properly ignored the findings of the jury and rendered judgment for appellee.

Appellants asserted right of recovery is based on the provision in the deed with reference to a division of the profits arising from sales made by appellee to third parties where the oil and gas privileges were reserved in whole or in part. This contention involves a construction of the language used in order to ascertain the intention of the parties in inserting such provision in the deed. The object in construing a deed is to ascertain the intention of the parties. This intention must be arrived at from the words which have been employed in connection with the subject matter. If the expressed meaning on the face of the instrument is plain it will control. It is only when the language used renders the intention uncertain that resort may be had to rules of construction. Heffron v. Pollard, 73 Texas, 96, 15 Am. St., 764, 11 S. W., 165; Daniel v. Henry, 30 Texas, 26.

The circumstances under which Allen's grantors were entitled to share in profits realized by him from the oil and gas privileges in the land conveyed are defined in language too clear and plain to be misunderstood. By the specific terms of the deed he was not required in making sales of the land to third parties to reserve any oil or gas rights. He was privileged to convey a clear title to the entire fee of the land. In the event, however, he did reserve oil or gas privileges in sales of the land to third parties he was required to divide the profits derived from such reservation with his grantors, or those claiming title under them. In other words, Spechts' deeds to Allen created a condition or contingency under which the grantors were entitled to share in any profits Allen might receive from the oil and gas rights in said land. This condition or contingency was, that if Allen, in selling the land to third parties, reserved the oil or gas privileges in whole or in part, then his grantors were entitled to one-half of the profits that might be derived from the minerals

so reserved. On the other hand, if Allen, in his sale to third parties, made no reservation of the whole or any part of such minerals, but conveyed the entire fee, his grantors were entitled to no part of the consideration received by him.

The grantors having placed in the deed the condition upon which they would have a right to share in the profits derived from the oil and gas rights in the land cannot be permitted to claim that they are entitled to profits from such privileges even though Allen in his sales of the land to third parties made no reservation of the oil or gas privileges in whole or in part. If the parties intended by these deeds to confer upon the grantors the right to one-half of the profits derived by Allen from sales made without reservation of any oil or gas rights merely because the consideration received by Allen in selling the land in fee included such rights, they have not used language appropriate to convey such intention, as the right to such profit, by the clear and unequivocal terms of the instrument, is expressly conditioned upon sales being made by Allen to third parties with a reservation of the oil and gas privileges in whole or in part.

If Allen, in conveying the land to Wichter had reserved the oil and gas privileges or any interest therein, any profit subsequently received from such reserved privileges would belong equally to him and his grantor. Inasmuch as it appears that Allen in good faith conveyed the entire fee in the land by his deed to Wichter, without any reservation of the oil and gas privileges, the event in which he was to divide the profits derived from the oil and gas privileges has never occurred.

We therefore recommend that the fifth question certified be answered in the negative, which renders it unnecessary to answer any of the other questions submitted.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.