## HANDY v. OLNEY OIL & REFINING CO., Inc.

### No. 12911.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 16, 1933.

Rehearing Denied Jan. 13, 1934.

Marshall & King, of Graham, for appellant.

Bullington, Humphrey & King, of Wichita Falls, for appellee.

DUNKLIN, Justice.

The Olney Oil & Refining Company maintains its plant near the town of Olney and sells fuel oil to customers. V. D. Handy was an employee of A. J. Johnson and as such was directed to drive a fuel oil tank to the refinery plant and there procure a load of fuel oil and haul it to certain oil wells which Johnson was drilling. Handy drove Johnson's fuel oil tank to the refinery plant for that purpose. When he reached the refinery, he found Johnson present, who then told him that there were some leaks in the tank he was driving and that it was necessary for the tank to be steamed out, and directed him to back up the tank to a place indicated by the superintendent of the refinery where there was a steam hose lying on the ground. Handy followed those instructions and then picked up the hose, climbed on top of the tank, and when he inserted the nozzle of the hose in a valve in the top of the tank there was an explosion therein

from which Handy sustained serious personal injuries.

This suit was instituted against the Olney Oil & Refining Company to recover damages resulting from that injury, based on allegations that the explosion occurred through contact of steam coming through the hose with the gas which had accumulated in the tank, and that the proximate cause of his injury was the negligence of the defendant; the allegations of negligence being substantially as follows: Through inexperience in such matters plaintiff was ignorant of the dangers incident to the use of steam to blow out an oil tank before loading, and undertook so to do at defendant's invitation. Defendant was guilty of negligence in failing to warn him of such danger, and in failing to furnish him with a proper appliance for that act, in that the metal nozzle of the hose was not properly insulated, by reason of which a spark was emitted when it came in contact with the steel tank which ignited the gas that had accumulated therein, in failing to see that the tank was properly aired out beforehand, and in suddenly turning the steam into the hose with great force which came in contact with gas in the tank and caused it to explode.

The case was tried before a jury on special issues, in answer to one of which the jury found that Lakey (whom the evidence shows was an employee of defendant) turned on the steam at the time and place in question. The jury further found that plaintiff was not guilty of contributory negligence in three different particulars which had been expressly pleaded in defendant's answer, and also that the danger incident to the hose and connections was not as obvious to the plaintiff and his employer Johnson as it was to the agents of the defendant. Those were the only findings shown in the verdict returned. There was an absence of any findings on several other special issues, namely:

(1) Whether or not the injury was the result of an unavoidable accident?

(2) Whether or not the defendant was guilty of negligence in failing to cover or insulate the metal nozzle on the steam hose that was being used by the plaintiff at the time he was injured?

(5) Whether or not Lakey was guilty of negligence in the manner in which he turned on the steam at the time and place in question?

(7) What amount of money would reasonably compensate the plaintiff for his injuries?

The judgment rendered by the court contains a recital of the facts pertinent to this appeal, and is as follows:

"On the 17th day of November, A. D. 1932, came on for trial the above entitled and numbered cause, and the plaintiff appeared in person and by his attorney and announced ready for trial, and the defendant appeared by its representative and attorneys and announced ready for trial, and a jury being demanded, D. M. Harris, Foreman, and eleven other lawful citizens of Archer County were duly selected, impanelled and sworn to try said cause, and after all the evidence had been introduced, and before the court submitted his charge to the jury, the defendant, upon motion, asked the court to peremptorily instruct the jury to bring in a verdict for the defendant, and the court after considering said motion, refused same, and submitted said case to the jury upon special issues.

"After considering said special issues, the jury returned same into court on the 18th day of November, A. D. 1932, stating they all were unable to agree upon the verdict in said cause, and were unable to answer the special issues submitted to them by the court, and the court being of the opinion that said jury could not agree and could not answer the issues so submitted, discharged the jury.

"The court is of the opinion that the motion for a peremptory instruction should have been granted, and that the defendant is entitled as a matter of law to a judgment in this case.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, V. D. Handy, does have and recover of and from the defendant, Olney Oil & Refining Company, a corporation, nothing, and that the defendant, Olney Oil & Refining Company, a corporation, recover of and from the plaintiff all costs in this behalf expended.

"To which plaintiff excepted and gave notice of appeal to the Court of Civil Appeals for Second Supreme Judicial District at Fort Worth.

"Dated December 3rd, 1932.

"A. D. Montgomery, Trial Judge."

From that judgment the plaintiff, Handy, has appealed.

In appellant's brief the following is said: "There is only one main question of law to decide on this appeal—Does a motion non obstante veredicto apply when there has been a mistrial on account of disagreement of the jury?"

That is solely a question of law and does not involve the further question whether or

not the evidence introduced was sufficient to warrant a finding by the jury in favor of plaintiff on the issue of negligence.

Article 2211, Rev. Civ. Statutes, as it now reads after an amendment by the 42d Legislature, 1931 (chapter 77, § 1 [Vernon's Ann. Civ. St. art. 2211]), is as follows: "The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. Only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or interveners."

■■ In the absence of any finding by the jury on the issue of negligence of defendant, which is the gravamen of plaintiff's case, no judgment could have been rendered on the verdict, and therefore the quoted article has no proper application in this case. As shown by the record, there was an original trial of the case on its merits before a jury, at which evidence was offered on both sides, and the case was fully argued before the jury which was later discharged after they had failed to agree on findings on several of the issues. The only question to be determined here is whether or not, independently of article 2211 of the statutes and under the rules of decision of this state, the trial court had jurisdiction and authority to reverse his refusal of defendant's request for an instructed verdict in its favor before the case was submitted to the jury, and on such reversal of that ruling to give effect to the request so made by rendering a judgment in favor of the defendant after the trial had terminated and the jury had been discharged. We have reached the conclusion that that question should be answered in the affirmative.

Article 2189, Rev. Statutes, provides that the court must, upon request of either party, submit a case to a jury on special issues raised by the pleadings and evidence in the case. And article 2190 (as amended by Acts 42d Leg., 1931, c. 78, § 1 [Vernon's Ann. Civ. St. art. 2190]) requires the submission of all issues made by the pleadings.

Article 2200, Rev. Statutes, reads in part as follows:

"The jury, after the cause is submitted to them, may be discharged:

"1. By the court when they cannot agree and both parties consent to their discharge, or when they have been·kept together for such time as to render it altogether improbable that they can agree. * * *

"5. Where a jury has been so discharged without having rendered a verdict, the cause may be again tried at the same or another term."

Article 2202 reads:

"A verdict is a written declaration by a jury of its decision of the issues submitted to them in the case. * * *

"2. The verdict is either a general or special verdict.

"3. The jury shall render a general or special verdict as the court may direct.

"4. A general verdict is one whereby the jury pronounces generally in favor of one or more parties to the suit upon all or any of the issues submitted to it.

"5. A special verdict is one wherein the jury finds the facts only on issues made up and submitted to them under the direction of the court."

While it is well settled that the court may continue the case for another trial after the jury has failed to agree on a verdict and has been discharged, we have been cited to no statute, and have found none, which specifically denies the trial court authority to render a judgment in the case on the pleadings and evidence introduced after it has been tried and the jury discharged, if the evidence introduced was insufficient, as a matter of law, to support a judgment for plaintiff or conclusively established a defense to plaintiff's suit, and for that reason the court could properly have instructed a verdict in the first instance.

In Hume v. John B. Hood Camp Confederate Veterans (Tex. Civ. App.) 69 S. W. 643, there was a trial before a jury, and on motion by the plaintiff for a new trial, the court entered an order granting a new trial. Thereafter, on motion of the defendant, the court set aside the order granting the new trial and reinstated the judgment for defendant. On appeal, the Court of Civil Appeals held

that since the court during a term has general power to correct errors made during the term and to make such orders necessary to reach that result, there was no reversible error in the action of the trial court setting aside its former order granting the new trial and permitting the judgment to stand. A writ of error was denied in that case. To the same effect was the decision in Puckett v. Reed, 37 Tex. 308, which was cited in the opinion in that case.

In Citizens' Nat. Bank of Waco v. Abeel (Tex. Civ. App.) 160 S. W. 609, it was held that after a jury had reported that it could not agree on a verdict, it was within the discretion of the trial court to withdraw the charge already given and instruct a verdict if the evidence conclusively sustained that action and left no disputed fact issue for determination by the jury. To the same effect was the decision in Clement v. Producers' Refining Co. (Tex. Civ. App.) 270 S. W. 206. While a writ of error in that case was granted by the Supreme Court and there determined, that holding of the Court of Civil Appeals was not disturbed. See 277 S. W. 634.

McElhinney v. Swepston (Tex. Civ. App.) 263 S. W. 940, involved the contest of a will on the ground of alleged undue influence inducing its execution. The trial court first submitted that issue to the jury, but thereafter withdrew the case from the jury altogether and proceeded to render a judgment overruling the contest for lack of sufficient evidence to support it. In the opinion affirming that judgment, it was said that perhaps the correct practice would have been for the court to instruct a verdict in favor of the proponent of the will, but further held that since the judgment of the trial court was correct it would not be reversed for failure to follow that formality which in no wise injuriously affected the rights of the complainant.

In Caldwell County v. Harbert, 68 Tex. 321, 4 S. W. 607, 611, there was a trial before the court after plaintiff's demand for a trial by jury had been refused, and the refusal of that demand was urged as a denial of a right guaranteed by the Constitution. In affirming the judgment of the trial court, the Supreme Court, in an opinion by Justice Stayton, had this to say: "We are of the opinion that, under the facts stated in the bill of exceptions, the appellant was entitled to have a trial by jury; but the refusal of the court to grant this is not sufficient reason for reversing the judgment if, under the evidence, none other could have been rendered."

Following that, reference is made to certain admissions of counsel during the trial of the case, and the court then said: "On them no other judgment than that entered could have been given. * * * Though there was error in denying a jury, it did not operate to the injury of the defendant."

In American Surety Co. of New York v. Hill County, 267 S. W. 265, the Commission of Appeals overruled an assignment of error complaining of the judgment rendered upon the verdict of the jury because of the absence of any finding by the jury as to one of the parties to the suit. We quote the following from the syllabus of the opinion in that case: "Where trial court rendered under the facts, the only judgment that could be entered, it was not error to render such judgment, when case was tried by jury, though jury returned no verdict as to one defendant."

In that case the excerpt noted above from the opinion in Caldwell County v. Harbert, supra, by the Supreme Court, was cited with approval; also other announcements to the same effect in Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515, and City of San Antonio v. Salvation Army (Tex. Civ. App.) 127 S. W. 860.

In Vogel v. Allen, 118 Tex. 196, 13 S.W.(2d) 340, 341, there was a trial before a jury and only two issues were submitted, and the findings thereon, which were favorable to the plaintiff, were not challenged by the defendant. However, the trial court sustained defendant's motion for judgment, notwithstanding the verdict. That judgment was affirmed by this court, and on motion for rehearing the question whether or not that action of the trial court was error was certified to the Supreme Court, and in answer thereto the following was said in an opinion by the Commission of Appeals:

"It is a general rule that the court is not authorized to render a judgment notwithstanding the findings of the jury. Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Taylor v. Davis (Tex. Civ. App.) 234 S. W. 104; Lemm v. Miller (Tex. Civ. App.) 245 S. W. 90.

"There is, however, a well-recognized exception to this rule to the effect that where, under no view of the pleadings and evidence, the plaintiff is entitled to recover, the submission of the issues and the findings of the jury are immaterial, and may be disregarded by the court. Hays v. Stone, 36 Tex. 181; Ba-

ker v. Coleman Abstract Co. (Tex. Civ. App.) 248 S. W. 412; Ferguson v. Kuehn et al. (Tex. Civ. App.) 246 S. W. 674; Crowley v. Chapman (Tex. Civ. App.) 260 S. W. 231; Hicks v. Armstrong (Tex. Civ. App.) 142 S. W. 1195; Stark v. George (Tex. Civ. App.) 237 S. W. 948.

"Under no view of the pleadings and evidence were appellants entitled to recover against appellee; hence the court properly ignored the findings of the jury and rendered judgment for appellee."

It is a well-settled general rule that the judge of the trial court retains jurisdiction to alter or change any rulings made by him during the same term of court if in his discretion such change is necessary to do justice to the parties, provided such change is not inhibited by a provision of the statutes or Constitution. And we are cited to no statute or provision of the Constitution or rule of decisions in this state which deprives the trial court of authority to render a judgment such as is complained of in this case under the circumstances related.

No contention is made by appellant, by any assignment of error or proposition in his briefs, that evidence was introduced sufficient to sustain findings by the jury of the alleged negligence of the defendant proximately causing plaintiff's injury and also of damages claimed to have been sustained by him as a result thereof.

It is apparent from the record that the action of the trial court in rendering judgment for the defendant was based on his conclusion that the evidence introduced was insufficient, as a matter of law, to show liability of the defendant for the damages sued for. In the absence of any assignment of error challenging the correctness of that finding, it must be accepted here as correct. It follows, therefore, that appellant has suffered no injury by reason of the judgment, and therefore has shown no reversible error, at all events. See rules 24 and 32 for Courts of Civil Appeals; Natkin Eng. Co. v. Ætna Casualty & Surety Co. (Tex. Com. App.) 37 S.W.(2d) 740; 3 Tex. Jurisprudence, pp. 802 and 1036. And numerous decisions are cited in the text to support the following statement in 3 Tex. Jurisprudence, p. 1026: "An appellant or plaintiff in error may not complain of errors which do not injuriously affect him."

Accordingly, all assignments of error are overruled, and the judgment is affirmed.