## FRANK L. SMITH TIRE STORE et al. v. FIRESTONE TIRE & RUBBER CO.

No. 7888.

Court of Civil Appeals of Texas. Austin.

Jan. 26, 1934.

Rehearing Denied Feb. 21, 1934.

Wilkinson & Wilkinson, of Brownwood, for appellants.

McCartney & McCartney, of Brownwood, for appellee.

McCLENDON, Chief Justice.

Appellee sued appellants Frank L. Smith and A. C. Winkler, copartners under the firm name of Frank L. Smith Tire Store, upon an

578

open account for merchandise aggregating $5,-958.86, and said appellants and Mrs. Davis Smith and Earnest Winkler upon a written agreement guarantecing said account up to $5,000, reading (formal parts omitted):

"In consideration of Firestone Tire & Rubber Co., hereinafter designated as the company, selling and delivering to Frank L. Smith and A. C. Winkler, doing business as Frank L. Smith Tire Store at Brownwood, Texas, hereinafter known as the Buyer, Pneumatic and Solid Tires, Tire Repair Materials and such other goods and merchandise as are offered for sale by the Company from time to time in such amounts and upon such terms of credit as shall, in the judgment of the Company, be determined proper, the undersigned, Mrs. Davis Smith of Brownwood, Texas, E. Winkler of Waco, Texas, does-do jointly and severally hereby guarantee to the Company the payment at maturity, or at any time thereafter, of the indebtedness of the Company incurred by the Buyer in the purchase of goods and merchandise of the kind hereinbefore mentioned, whether such indebtedness be in the form of book accounts, promissory notes, originals, renewals, or extensions thereof, or by check, draft or other evidence of such indebtedness together with interest thereon, but the amount of such indebtedness shall not, at the time I am-we are called upon to fulfill this obligation, be enforcible against me-us in a sum to exceed Five Thousand Dollars ($5,000.00) Dollars.

"This guarantee shall be operative upon and include any and all indebtedness now or hereafter owing by the Buyer to the Company and shall be construed as continuing until written revocation thereof is served by me or us by registered mail addressed to the Company at Akron, Ohio.

"This shall bind the principal and guarantors jointly and Company shall not be required to exhaust its remedies against principal prior to exercising its rights and remedies hereunder against Guarantor.

"I-we hereby waive notice of acceptance hereof and all demands and notice of non-payment and protest."

For convenience, the respective parties will be referred to as plaintiff (appellee), defendants (Frank L. Smith and A. C. Winkler), and guarantors (Mrs. Davis Smith and Earnest Winkler).

At the opening of the trial it was agreed that the unpaid balance of the account was $5,958.86, and that this amount accrued after July 1, 1931; and at the conclusion of the evidence it was agreed that judgment be rendered in plaintiff's favor against defendants on the open account for $5,958.86, with 6 per cent. interest thereon from January 1, 1932. Since the judgment against defendants upon the contract of guaranty is merely cumulative and adds nothing to that portion of the judgment upon the account, it will only be necessary to consider the case from the viewpoint of the guarantors.

The latter pleaded, in substance, that in June, 1931, defendants were indebted to plaintiff in excess of $6,000, whereupon the guaranty contract was procured upon the following agreement: Plaintiff within 15 days was to establish a warehouse at Brownwood for the Brownwood territory, stock it with tires, tubes, and other auto accessories, and place defendants in charge. Defendants were to furnish the building free of rent and were to receive 3 per cent. commission on sales in the territory. Defendants were to turn in their stock of accessories and receive a credit for the invoice cost thereof on their account; the balance of which (about $4,000) was to be covered by eight notes for $500 each, payable monthly thereafter.

The plaintiff's breach of this agreement was pleaded as a complete defense to liability upon the guaranty agreement upon three theories:

(1) Fraud, in that the agreement was made with the then intention on plaintiff's part of not carrying it out.

(2) That the notes and agreement were delivered upon condition that they were not to become operative until the warehouse agreement was consummated, failing which they were to be returned and canceled.

(3) That the warehouse agreement constituted the consideration for the guaranty agreement, and breach of the former defeated liability upon the latter.

By supplemental petition, plaintiff, besides denying in toto the existence of the warehouse agreement, alleged that the eight notes were never accepted by it, but through mistake were not returned to defendants, that the account for which they were given had been subsequently paid in full, and the notes were tendered back to defendants, and the account sued upon was for items which had subsequently accrued.

Under ten special issues the jury found substantially the following:

(1) That the warehouse agreement was made substantially as above stated.

(2) That plaintiff never complied with it.

(3) That defendants would not have signed the notes and guaranty agreement but for the warehouse agreement.

(4) That plaintiff intended to perform the warehouse agreement at the time it was made.

(5) That plaintiff "did not represent and agree that if it failed to perform its part of said (warehouse) agreement, that said notes and contract of guaranty would be of no effect, and would be returned to appellants."

(6) That it was the "intention and purpose" of plaintiff "that the representations and terms of the oral (warehouse) agreement should be communicated by" defendants to guarantors.

(7) That this was done.

(8) That defendants relied upon the "said representations and agreements, and were induced thereby to sign the notes and contract of guaranty, and to request and recommend to" guarantors "that they sign said contract of guaranty."

(9) That guarantors "relied upon said representations and agreement so communicated to them, and were induced thereby to sign said contract of guaranty," and would not have done so but for such reliance.

(10) That plaintiff's agent who made the warehouse agreement did not have authority to do so.

Both parties moved for judgment; plaintiff's motion being predicated "upon said special issues and the admitted facts."

Plaintiff's motion was granted, that of defendants and guarantors overruled, and the judgment, in addition to that already stated against defendants upon the open account, was against both defendants and guarantors on the guaranty agreement for $5,000; the judgment providing that "it being understood that said sum is a part of and not an amount additional to the aforesaid sum of $5958.86 previously adjudged against the defendants other than Mrs. Davis Smith and Earnest Winkler." Interest was awarded only from date of judgment.

Both defendants and guarantors have appealed, and present ten propositions, which may be reduced to the following points:

(1) The contract proved and found by the jury being essentially different from that declared upon by plaintiff, recovery on the latter cannot be sustained. Propositions 1, 2, and 3.

(2) The jury finding of the existence and breach of and reliance upon the warehouse agreement, such breach constituted a total failure of consideration of the guaranty contract and defeated plaintiff's right to recover thereon under appellants' pleading asserting such failure of consideration and consequent right of rescission. Propositions 4, 5, 6, 7, 8, and 9.

(3) The trial court had no power to render judgment non obstante veredicto, "in the absence of proper motion and notice thereof."

Besides admitting liability and confessing judgment on the account, defendants' counsel announced in open court upon the trial with reference to breach of the warehouse agreement: "We are not asking any damages at all." It is therefore apparent that the debt which the guaranty agreement guaranteed was not subject to any of the defenses urged, but such defenses were only applicable to the guaranty agreement, the defeat of which, for all practical purposes, did not concern defendants, since, confessedly, they were liable for a greater amount upon the open account.

The principles of law for which appellants contend as supporting the first two points are correct in the abstract; but they have no proper application to the instant case, which is controlled by other principles so well established as to be classed as elementary.

Had defendants asserted the breach of the warehouse agreement as a defense to the suit on the open account, or as a set-off thereto by way of damages, a different situation would be presented. Manifestly recovery upon the guaranty was conditioned upon and limited to the extent of recovery upon the account. But, since the right of recovery upon the latter was admitted, the warehouse agreement became material only upon the issue of validity of the guaranty agreement.

█ Not only was the guaranty contract a written instrument, and subject to the parol evidence rules applicable to written instruments, but it was such a contract as, under the statute of frauds, was required to be in writing. It could not, therefore, as a written contract, be varied or contradicted, nor, as an instrument within the statute of frauds, be materially added to by an agreement evidenced only in parol.

█ The authorities in this state admit parol evidence to explain, modify, or even contradict purely recitative provisions of written agreements. But contractual provisions, of whatever nature, even those relating to the consideration, cannot be varied, modified, or contradicted by parol evidence. This principle is elementary, and citation of authority is unnecessary.

■ The consideration, and only consideration stated in the guaranty contract, was purely contractual, in that it was an agreement on plaintiff's part to extend further credit to defendants: "In consideration of" plaintiff "selling and delivering to" defendants "Pneumatic and Solid Tires, Tire Repair Material and such other goods and merchandise as are offered for sale by the company (plaintiff) from time to time in such amounts and upon such terms of credit as shall, in the judgment of the company, be determined proper."

The warehouse agreement did not contemplate the extension of credit to defendants. On the contrary, it provided for an arrangement whereby defendants would act as agents or factors in the sale of merchandise, the title to which would, until sold, remain vested in plaintiff. If plaintiff had immediately, and without extending any further credit to defendants, carried out the warehouse agreement and there had been a subsequent default in and suit upon the notes and guaranty agreement, it is quite plain that guarantors could have successfully defeated liability on the ground that there had been a total failure of consideration for their guaranty, namely, the failure to extend further credit to defendants. Over guarantors' objection, plaintiff would not have been permitted to prove by parol the warehouse agreement, a contractual consideration, in support of the warranty agreement, as the sole consideration therefor, and one variant from the express contractual consideration of the guaranty, which plaintiff had wholly failed to perform.

⁘ ■ We do not think there is substantial merit in appellants' third point above. It is not contended that appellants had no notice of plaintiff's above motion. Whether it came strictly within the rules governing motions for judgment non obstante veredicto we think is immaterial. Plaintiff, by exception to pleadings and by objection to testimony, had sought to exclude all evidence of the warehouse agreement as variant from and contradictory of the guaranty agreement. The jury's fourth and fifth findings eliminated the issues of fraud in the execution and conditional delivery of the guaranty agreement, under which issues alone the warehouse agreement was admissible. It was the duty of the court to interpret the jury findings in the light of the evidence, and as so viewed to render the appropriate judgment.

■ Moreover, had the trial court rendered judgment in favor of the guarantors, it would

be the duty of this court, in an appeal by plaintiff upon appropriate assignments of error, to reverse the judgment and render judgment for plaintiff, since the case was fully developed, and this is the only judgment which the record would support. Any procedural error on the part of the trial court in the regard complained of would therefore be harmless. Vogel v. Allen, 118 Tex. 196, 13 S.W.(2d) 340.

The trial court's judgment is affirmed.

Affirmed.

On Appellants' Motion for Rehearing.

■ Appellants contend that we erred in holding that the expressed consideration in the guaranty agreement was contractual, because the extension of further credit to defendants was at the will of plaintiff, and therefore the contract was lacking in mutuality and unenforceable, citing 10 Tex. Jur. 163, § 96.

The stated principle of law is correct; and it may be conceded that there was no binding agreement on the part of plaintiff to extend credit to defendants and no binding agreement on the part of defendants to purchase from plaintiff, and that consequently guarantors had the right, independently of the revocation clause, to repudiate their guaranty agreement at any time prior to the actual extension of further credit. As pointed out in our original opinion, however, it was agreed in open court by all parties to the record that the unpaid balance of the account in suit accrued after the execution of the guaranty agreement. There was no repudiation of that agreement or revocation of their guaranty by guarantors prior to the time the entire account had accrued. The following quotation from the cited section in 10 Tex. Juris. states a generally accepted proposition of law: "The want of mutuality is eliminated where the party having the right to fix the quantity to be delivered does so before the other party has repudiated the contract." The guaranty agreement expressly provided that it should "be construed as continuing until written revocation thereof is served by me or us by registered mail, addressed to the company at Akron, Ohio." Whether the contract had any binding force at the time it was executed is unimportant; it was in any event a continuing obligation until revoked, even though conditioned upon the extension of further credit. It can hardly be seriously questioned that the agreement was operative at least to the extent of such credit as was thereafter and prior to revocation extended. The extension of such credit we think clearly

was a contractual obligation, even though conditioned upon the will both of plaintiff and defendants; and the rule of evidence applied in our original opinion is applicable regardless of the binding effect of the agreement up to the time of the actual extension of credit thereunder.

Motion for rehearing is overruled.

Overruled.

BAUGH, J., not sitting.