## MASSEY–HARRIS CO. v. BERNARD.
### No. 11740.

Court of Civil Appeals of Texas. Dallas.
June 15, 1935.

Rehearing Denied July 20, 1935.

Worsham, Rollins, Burford, Ryburn & Hincks and Autry Norton, all of Dallas, for appellant.

James P. Cogdell, of Fort Worth, and Baskett & Parks, of Dallas, for appellee.

LOONEY, Justice.

The Massey–Harris Company sued F. L. Bernard on five promissory notes that evidenced the unpaid purchase money for a tractor motor and a planter attachment, purchased by defendant from plaintiff, and to foreclose the lien of a chattel mortgage on said machinery. In his third amended original answer, defendant alleged at length that the machinery was not as represented, and did not perform as warranted; that repeated complaints in regard to its defects were made to plaintiff, but that efforts on its part to put the machinery in successful operation proving ineffectual; that the contract of September 18, 1931, set up in plaintiff's first supplemental petition, concerning certain repairs and parts to be furnished by plaintiff, was entered into, but that the contract was not binding on defendant, because in drafting the same plaintiff's agent fraudulently omitted therefrom the true consideration therefor, that is, the obligation of plaintiff to at once furnish certain new parts and equipment and so repair the machinery as that it would successfully perform the work for which it was sold, all of which plaintiff failed to do; that such subsequent contract was without consideration; that the consideration therefor had failed, hence the contract did not operate as a release of defendant's claim, based on the alleged

breach of warranties; "wherefore, premises considered, the defendant prays that the court construe said contract of September 18, 1931, as asked above; and that plaintiff take nothing by this action, and that said notes and mortgage be cancelled and held for nought, and that he have and recover of and from the plaintiff the said $675.00 cash payment, for all costs of suit, for such other and further relief, general and special, in law and in equity, that he may be entitled to."

Plaintiff alleged, in its second supplemental petition, that defendant's failure to notify plaintiff of defects in the machinery, or to return same, if found defective, as provided in the contract, was an acceptance of the machinery by defendant and estopped him to seek rescission, and, furthermore, if defendant was not precluded or estopped by his failure to comply with the terms of the contract in the respects just mentioned, that in any event he was estopped and precluded from setting up failure of consideration or breach of warranty by reason of the execution and delivery of the written contract of September 18, 1931, whereby for the consideration therein recited, he expressly agreed and stipulated that plaintiff was discharged from all promises covering the operation and construction of the machinery, and released from all warranties, and expressly agreed to pay said notes.

The sales contract, notes, chattel mortgage, and written agreement of September 18, 1931, were established as alleged. At the conclusion of the evidence, the court denied plaintiff's request for an instructed verdict, submitted the case to a jury, and, after verdict, overruled plaintiff's motion for judgment non obstante veredicto, but, sustaining defendant's motion, rendered judgment denying plaintiff recovery, canceled and held for nought the written instruments sued upon, and gave judgment for defendant against plaintiff for $675, the amount defendant paid on the machinery. Plaintiff perfected this appeal after its motion for a new trial was overruled.

The court submitted but one issue pertaining to matters that transpired prior to September 18, 1931, and none other was requested with reference to such matters. However, the answer of the jury, to the effect that defendant was prevented from returning the machinery to plaintiff by reason of the requests of plaintiff's agent for more time is, under our view of the cause, immaterial, and need not be considered.

Defendant did not seek damages for the alleged breach of warranties, but sought the cancellation of instruments, and recovery of the cash payment made on the machinery. We think it obvious that, if the contract of September 18, 1931, was valid and enforceable, no right of rescission existed; although defendant would have his cause of action for its breach, but plaintiff would be entitled to judgment for its debt, with foreclosure, so, we think the case pivots on the contract of September 18, 1931.

The contract is short, simple, easily understood, and, omitting immaterial matters, reads: "Whereas, on the 17th day of December, A. D. 1930, F. L. Bernard did purchase from the Massey-Harris Company one certain Massey-Harris tractor motor number 301,285 and on the 4th day of March did purchase one four-row planter attachment for said tractor giving as a part of the original purchase price thereof his certain notes as follows, to-wit: (here follows a description of the notes executed by defendant, sued upon herein). Whereas:—The said F. L. Bernard has had some grief with said planter and tractor and has complained of the same. Now therefore:—The said Massey-Harris Company agrees to furnish to the said F. L. Bernard certain parts and improvements for said planter and certain repair parts for said tractor free of charge to him as follows, to-wit: (here follows list of repair parts and improvements to be furnished); and in and for the consideration of the said Company furnishing said parts free of charge to the said F. L. Bernard then the said F. L. Bernard agrees that the furnishing of said parts and improvements shall be in full of all promises and warranties covering said machines. It is further agreed that in consideration of the said Company extending his past-due notes until December 15th, 1931, then the said F. L. Bernard hereby releases any and all claims of warranty arising out of the purchase of the above described machines."

Defendant alleged that certain parol representations were made by plaintiff's agent prior and leading to the execution of the contract of September 18th, to the effect that, certain parts and equipments would be furnished and repairs made to the machinery, thus overcoming the troubles of which complaints had been made; that said representations constituted the sole consideration of said contract, but that W. L. Wright, plaintiff's agent, who drew the

contract, fraudulently omitted therefrom said representations, and fraudulently induced defendant to sign, believing, as he did, that the contract contained the entire agreement.

Over objections by plaintiff, the court admitted evidence of the alleged prior representations and, in response to several issues submitted, based on said evidence, the jury found that the consideration for the contract of September 18, 1931, was that plaintiff would at once make repairs and improvements on the machinery, so it would successfully do the work for which it was sold; that the contract should have had incorporated therein such consideration; that the defendant signed the contract, believing, at the time, that it did contain said provisions; and, furthermore, that plaintiff had failed to comply therewith. However, in answer to another issue on the same subject, the jury found that plaintiff's agent, W. L. Wright, who drew the contract of September 18th, did not fraudulently omit therefrom said provisions. In this state of the record, the court overruled plaintiff's motion for judgment non obstante veredicto, and, in so doing, we believe reversible error was committed.

The material parts of the contract of September 18th have heretofore been copied. The jury having acquitted plaintiff of the charge of fraud in procuring the execution of the contract, its subsequent breach by plaintiff, if it was breached, would furnish defendant no ground for the cancellation and rescission of the original sales contract, but gave rise to a cause of action for such damages as defendant suffered by reason of the breach. Disposing of the case of Valley Developments v. Lamb (Tex. Civ. App.) 53 S.W. (2d) 686, 687, very similar to the case at bar, Judge Smith, speaking for the San Antonio court, said: "That agreement was expressed in the plainest terms, in writing, was accepted by appellees unequivocally and irrevocably, and thereby became the measure of the rights and liabilities of the parties. It is undisputed that appellant fully performed the conditions of the settlement, but, even if it had defaulted thereon, appellees' remedy therefor lay in a suit for damages for breach of that agreement, and not in a suit for damages for deceit practiced upon them by appellant in the original transaction."

We think it obvious that, the contract of September 18th simply obligated plaintiff to furnish defendant, free of charge, "certain parts and improvements for said planter, and certain repair parts for said tractor," itemizing the parts and improvements to be furnished; however, over objection by plaintiff, the court permitted defendant to prove a consideration, variant from that expressed in the contract, to the effect that plaintiff "would at once make such repairs and improvements upon said machinery, as would make it successfully do the work for which it was sold," and, based upon the evidence thus adduced, the court submitted issues, requiring findings thereon, which the jury answered favorably to defendant's contention. However, in view of the finding of the fraud issue in favor of plaintiff, we think the court erred in refusing to render judgment in its favor non obstante veredicto. A very similar situation was presented in the case of Smith Tire Store v. Firestone, etc., Co. (Tex. Civ. App.) 68 S.W.(2d) 577, 579 (writ refused). Disposing of the question involved, Chief Justice McClendon, speaking for the Austin court, said: "The authorities in this state admit parol evidence to explain, modify, or even contradict purely recitative provisions of written agreements. But contractual provisions, of whatever nature, even those relating to the consideration, cannot be varied, modified, or contradicted by parol evidence. This principle is elementary, and citation of authority is unnecessary." After stating that the consideration for the guaranty contract involved was contractual in nature, the court said: "Plaintiff, by exception to pleadings and by objection to testimony, had sought to exclude all evidence of the warehouse agreement as variant from and contradictory of the guaranty agreement. The jury's fourth and fifth findings eliminated the issues of fraud in the execution and conditional delivery of the guaranty agreement, under which issues alone the warehouse agreement was admissible. It was the duty of the court to interpret the jury findings in the light of the evidence, and as so viewed to render the appropriate judgment. Moreover, had the trial court rendered judgment in favor of the guarantors, it would be the duty of this court, in an appeal by plaintiff upon appropriate assignments of error, to reverse the judgment and render judgment for plaintiff, since the case was fully developed, and this is the only judgment which the record would support. Any procedural error on the part of the trial

court in the regard complained of would therefore be harmless. Vogel v. Allen, 118 Tex. 196, 13 S.W.(2d) 340."

That parol evidence is inadmissible to vary, contradict, or add to the terms of a contractual consideration, is a well-settled rule. See Johnson v. Johnson (Tex. Com. App.) 14 S.W.(2d) 805; McMurry v. Mercer (Tex. Civ. App.) 73 S.W.(2d) 1087, 1089; 22 C. J. pp. 1171, 1172, § 1569. And notwithstanding the presence in this record of such incompetent evidence, and jury findings based thereon, yet we must ignore the same, as such cannot form the basis of our conclusions. See Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Sloan Lumber Co. v. Southern, etc., Works (Tex. Civ. App.) 66 S.W.(2d) 722, and authorities cited.

■ The record discloses that, before signing the contract of September 18th, the defendant had it read; concerning which, he was asked and answered as follows:

"Q. How old are you, Mr. Bernard, if that is a fair question? A. Sixty Seven; I was at that time, sixty eight now.

"Q. I believe you stated you could read and understand the English language all right, read and write without any difficulty? A. Fairly so.

"Q. Mr. Bernard, did you request anybody to read that contract over to you before it was signed on September 18, the September 18th contract? A. Mr. Wright read the contract.

"Q. Read it over to you, in your presence? A. Yes, sir.

"Q. Then you signed it? A. Yes."

As the contract was read over to defendant before signing, in the absence of a showing of fraud, accident, or mistake, no excuse should be received as to why the omitted language was not inserted; and we think it may appropriately be said that defendant was grossly negligent in not having a few apt words inserted in the contract, describing the alleged obligation of plaintiff, to at once make such repairs and improvements upon the machinery as would make it successfully do the work for which it was sold.

For the error of the court in overruling plaintiff's motion for judgment non obstante veredicto, and in rendering judgment for the defendant, its judgment is set aside, and judgment is here rendered for plaintiff against defendant, for the full amount due upon the notes sued upon, with foreclosure of the lien of the chattel mortgage upon the machinery.

Reversed and rendered.