## FITTS v. CARPENTER.

### No. 1873.

Court of Civil Appeals of Texas. Eastland.
Jan. 13, 1939.

Rehearing Denied Feb. 10, 1939.

Fred Erisman, of Longview, for plaintiff in error.

Harvey P. Shead, of Longview, for defendant in error.

GRISSOM, Justice.

This is an appeal from a judgment, in a proceeding in the nature of a bill of review, setting aside an order of the same court authorizing the adoption of Janice Nell Carpenter by her maternal grandmother, Mrs. Ola Fitts. The suit was instituted by Allen Lawrence Carpenter, the father and only surviving parent of Janice Nell Carpenter. The plaintiff, among other things, alleged in substance that the judgment of adoption of his daughter by Mrs. Fitts was procured without his consent; that he had no notice of the adoption proceeding, and that this suit to annul the judgment of adoption was instituted by him as soon as possible after he learned of that judgment.

Upon a trial the court submitted to the jury one issue which called for a finding as to whether or not plaintiff in writing consented to the adoption of his daughter by Mrs. Fitts. The jury was unable to agree upon an answer to the issue submitted. The jury was discharged and the court rendered judgment setting aside and annulling the judgment of adoption. From this judgment Mrs. Fitts has appealed.

Our statute (Art. 46a, § 6, Vernon's Ann.Civ.St., Acts 1931, 42d Leg., c. 177) provides, with certain exceptions which are not applicable to the instant case, that "no adoption shall be permitted except with the written consent of the living parents of the child." Where the statutory exceptions are not applicable, the authorities unanimously hold that the consent of the living parent to the adoption, or at least, notice to such parent of the adoption proceeding, is prerequisite to a judgment of adoption binding upon the parent. 1 C.J. sec. 107, p. 1392; 1 Am.Jur. sec. 36, p. 638; 2 C.J.S. Adoption of Children, §§ 45, 38, pages 435, 421; 1 R.C.L. p. 607; 104 A.L.R. 1464; In re Jackson, 55 Nev. 174, 28 P.2d 125, 91 A.L.R. 1387; 76 A.L.R. 1078; Lacher v. Venus, 177 Wis. 558, 188 N.W. 613, 24 A.L.R. 403, 416; Stanton v. Franklin, Tex. Civ.App., 236 S.W. 151; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99, 102. Our statute does not provide for notice to the parents of the adoption proceedings. Since our statute requires the parents' written consent to the adoption further notice would serve no good purpose. We think it is also evident that where a parent has in writing consented to the adoption of his child that he may withdraw his consent before the instrument evidencing his consent is acted upon.

Defendant complains of the action of the court in rendering judgment setting aside the order of adoption after the issue of consent of the parent to the adoption had been submitted to the jury and the jury had failed to answer the issue. From what has been said it is apparent that the question whether plaintiff had in writing consented to the adoption of his daughter by Mrs. Fitts was the issue, or, at least, an essential issue, made by the pleadings.

In Mills v. Mills, Tex.Com.App., 265 S.W. 142, 143, the Commission of Appeals in an opinion by Judge Chapman, said: It is "* * * the well-settled law that all presumptions are in favor of the correctness of the judgment of the trial court, and that appellant must affirmatively show error before he is entitled to reversal." In 3 Tex. Jur. 1037, the rule is stated as follows: "In other words, the presumption is in favor of the right action of the trial court. Error is never presumed; the burden is upon the party complaining of error to show affirmatively by the record that error was committed."

In accord with the general rule above stated, we think, we should presume, in the absence of a contrary showing, that the trial court, after submission of said issue to the jury and its failure to agree, concluded he was in error in submitting the issue to the jury because the uncontradicted evidence established plaintiff's right to have the judgment of adoption set aside. If the evidence did not conclusively establish that plaintiff had not consented in writing to the adoption of his daughter, or, stated differently, if there was a dispute in the evidence as to any material fact in issue, such fact is not shown by plaintiff-in-error's brief.

In Houston Nat. Bank v. Adams et al., Tex.Civ.App., 295 S.W. 198, 200, at the conclusion of the introduction of evidence, the court, on his own motion, over appel-

lant's objection, withdrew the case from the jury and rendered judgment for plaintiff. The Court of Civil Appeals held such action was erroneous. It said: "Where a jury has been demanded and impaneled to try a matter in dispute between the parties, the trial court has no power, over objection of the parties, to withdraw the case from the jury and enter judgment upon the facts, even though they be well pleaded and undisputably proved. The finding upon the evidence must be by the jury and not the court, and the judgment of the court must be based upon the finding of the jury." The quoted portion of said opinion was disapproved by the Commission of Appeals in an opinion by Judge Speer, approved by the Supreme Court. Houston Nat. Bank v. Adams, Tex.Com.App., 1 S.W.2d 878, 880. That court said: "We are not inclined to agree with the language of the Court of Civil Appeals that: 'Where a jury has been demanded and impaneled to try a matter in dispute between parties, the trial court has no power, over objection of the parties, to withdraw the case from the jury and enter judgment upon the facts, even though they be well pleaded and indisputably proved.' This is stating it too broadly. If the facts are well pleaded and indisputably proved, there is nothing to be submitted to the jury and the trial court could not do otherwise than to instruct a verdict or withdraw the case and render judgment. The cases cited for this statement by the Court of Civil Appeals, notably Ablowich v. National Bank, 95 Tex. 429, 432, 67 S.W. 79, 881, indicate that the court was misled by the doctrine obtaining in this state 'that a court has no authority to enter judgment non obstante veredicto. But the giving of a summary instruction or the withdrawal of a case from a jury does not violate this rule. But we do approve the final holding of that court to the effect that in view of the evidence (as stated in the briefs), the trial court erred in withdrawing the case from the jury and rendering judgment as he did."

In Handy v. Olney Oil & Refining Co., Inc., Tex.Civ.App., 68 S.W.2d 313, 315, 317 (in which a writ of error was refused by our Supreme Court), the court submitted the cause to the jury, and after the jury had answered only issues that were not controlling and upon which a verdict could not be rendered, and had otherwise disagreed as to their verdict and been discharged, the court then concluded that there was no evidence which would support a finding of negligence of the defendant and that he should have instructed the jury to return a verdict for the defendant. Whereupon the court entered judgment for the defendant. The court of civil appeals said:

"While it is well settled that the court may continue the case for another trial after the jury has failed to agree on a verdict and has been discharged, we have been cited to no statute, and have found none, which specifically denies the trial court authority to render a judgment in the case on the pleadings and evidence introduced after it has been tried and the jury discharged, if the evidence introduced was insufficient, as a matter of law, to support a judgment for plaintiff or conclusively establish a defense to plaintiff's suit, and for that reason the court could properly have instructed a verdict in the first instance. * * *

"It is a well-settled general rule that the judge of the trial court retains jurisdiction to alter or change any rulings made by him during the same term of court if in his discretion such change is necessary to do justice to the parties, provided such change is not inhibited by a provision of the statutes or Constitution: And we are cited to no statute or provision of the Constitution or rule of decisions in this state which deprives the trial court of authority to render a judgment such as is complained of in this case under the circumstances related.

"No contention is made by appellant, by any assignment of error or proposition in his briefs, that evidence was introduced sufficient to sustain findings by the jury of the alleged negligence of the defendant proximately causing plaintiff's injury and also of damages claimed to have been sustained by him as a result thereof.

"It is apparent from the record that the action of the trial court in rendering judgment for the defendant was based on his conclusion that the evidence introduced was insufficient, as a matter of law, to show liability of the defendant for the damages sued for. In the absence of any assignment of error challenging the correctness of that finding, it must be accepted here as correct. It follows, therefore, that appellant has suffered no injury by reason of the judgment; and therefore has shown no reversible error, at all events. See rules 24 and 32 for Courts of Civil Appeals;

Natkin Eng. Co. v. Aetna Casualty & Surety Co. (Tex.Com.App.) 37 S.W.(2d) 740; 3 Tex.Jur. pp. 802 and 1036. And numerous decisions are cited in the text to support the following statement in 3 Tex. Jurisprudence, p. 1026: 'An appellant or plaintiff in error may not complain of errors which do not injuriously affect him.' "

See also McElhinney v. Swepston, Tex. Civ.App., 263 S.W. 940; Vogel v. Allen, 118 Tex. 196, 200, 13 S.W.2d 340; American Surety Co. v. Hill County, Tex.Com. App., 267 S.W. 265, 268; Citizens' Nat. Bank of Waco v. Abeel, Tex.Civ.App., 160 S.W. 609; Clement v. Producers' Ref. Co., Tex.Civ.App., 270 S.W. 206; Eisenstadt Mfg. Co. v. Copeland, Tex.Civ.App., 149 S.W. 713.

(While we believe the judgment in Wagstaff v. North British & Merc. Ins. Co., Tex.Civ.App., 88 S.W.2d 550, is correct, there is indication of a holding to the contrary in our opinion in that case, and, to that extent, said case is now overruled.)

■ Under the situation disclosed by this record it is not our duty to examine the statement of facts to ascertain whether or not the undisputed evidence authorized the action of the trial court in rendering judgment for plaintiff. Adams v. Houston Nat. Bank, Tex.Com.App., 1 S.W.2d 878. However (without intending to set a precedent), we have done so in this instance, and from such examination we conclude that the instrument relied on as authority from the plaintiff for the adoption of his daughter is insufficient for such purpose. Certainly a letter which, at most, merely expresses an intention that plaintiff's child should remain with her grandmother, coupled with other expressions in the same instrument indicating that it was intended that both the child and the grandmother should eventually live with the plaintiff, should not be tortured into an agreement that the child might be adopted. Furthermore, we are of the opinion that the evidence conclusively shows (even if such instrument could be construed as evidencing plaintiff's consent to his child's adoption), that such purported consent was withdrawn prior to the time defendant took the child from Houston and adopted her, both of which acts were shown to be without the knowledge and consent of the plaintiff.

■ Error is assigned to rendition of a "judgment non obstante veredicto upon the failure of the jury to answer a material issue submitted to it." While there is one sentence in the judgment indicating that it is such a judgment, the judgment as a whole, and plaintiff's motion for judgment, show that it is not a judgment non obstante veredicto. The judgment shows that the cause was submitted to the jury upon one special issue, that the jury failed to agree and was discharged and thereafter the court, on plaintiff's motion, rendered judgment. There is no motion for judgment non obstante veredicto, and no notice of such a motion in the record.

■ Article 2211, R.S., Vernon's Ann. Civ.St. art. 2211, we think, is not applicable where there is no verdict. Wagstaff v. North British & Merc. Ins. Co., Tex. Civ.App., 88 S.W.2d 550; Miller v. Fenner, Beane & Ungerleider, Tex.Civ.App., 89 S.W.2d 506, 508; Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970.

■ Therefore, if the action of the court in rendering judgment for plaintiff annulling the order of adoption, after the submission of the issue of consent to the jury and the jury's failure to agree on the answer thereto, constituted error, it is, for the reasons stated, shown to have been harmless and demonstrates that the judgment rendered was the only judgment that could have been properly rendered. The judgment is therefore affirmed.