## STAFFORD v. SHILLINGBURG.

### No. 2133.

Court of Civil Appeals of Texas. Eastland.
May 9, 1941.

Rehearing Denied June 6, 1941.

C. O. McMillan, of Stephenville, for appellant.

Williamson & Nordyke, of Stephenville, for appellee.

GRISSOM, Justice.

On September 17, 1937, W. A. Shillingburg delivered a used Chevrolet automobile to Punches Motor Company. At the same time said parties entered into a written contract, called a new car order, whereby Shillingburg entered an order for a 1938 model Plymouth automobile. The contract provided that Shillingburg's used automobile was to be taken as a deposit of $250 on the new automobile ordered. The contract, among other things, also provided that if Shillingburg should cancel the order, or fail to take the new car, and, if Punches Motor Company had sold Shillingburg's old automobile (which facts were undisputed) Punches Motor Company would pay to Shillingburg the amount Punches received for Shillingburg's old automobile, less expenses incurred by Punches in selling the old automobile and putting it in condition for sale.

After execution of the contract Punches Motor Company was taken over by Roy Stafford, Stafford receiving the then remaining assets of the defunct Punches Motor Company. Prior to the date Stafford took over Punches Motor Company, Punches had sold Shillingburg's used automobile and had received therefor the net sum of $218.75.

After Stafford took over the Punches Motor Company the foregoing facts were called to the attention of Stafford, who then asked Shillingburg what he desired to do about the order. Shillingburg advised Stafford that he was not then able to pay the balance of the purchase price of a new automobile, and asked for an extension of time. Stafford then wrote across the face of the Shillingburg-Punches contract "This order is extended (6 Mo.) six months from date of expiration; change from Punches Motor Company to read: Stafford Motor Co., by Roy Stafford." Shortly after the expiration of the six months' period, Shillingburg sought to obtain a new automobile from Stafford with a $250 credit on the purchase price by reason of the delivery of Shillingburg's old car, as aforesaid. Because the six months' period had then passed, Stafford refused to allow the full sum of $250 as a credit, and Shillingburg refused to accept less. Thereupon Shillingburg filed this suit against Stafford to recover the $250 deposit.

The court submitted to the jury issues inquiring (1) the market value of an automobile taken by Punches as part payment for Shillingburg's used Chevrolet; (2) whether at the time Shillingburg and Stafford signed the six months' extension agreement they intended that such period of time should be of the essence of their contract, and (3) whether Shillingburg, after the expiration of the six months' extension period, made an offer in good faith to purchase a new automobile from Stafford and pay Stafford the purchase price thereof, less $250. The jury answered

special issue No. 1 "$100"; No. 2, "Yes", and No. 3, "Yes".

The court received the verdict of the jury and rendered judgment for the plaintiff for $218.75, the net amount received by Punches for Shillingburg's automobile.

In the judgment the court found that special issue No. 2, supra, called for a legal construction of a written contract by the jury and was not determinative of any issue, and the court construed the contract to the effect that time was not of the essence of the contract, and, upon the answer of the jury to issues 1 and 3, and the undisputed evidence and admissions, entered the judgment aforesaid. The defendant has appealed.

The defendant contends that the question of whether or not plaintiff and defendant intended to make time of the essence of their contract was a question of fact for the jury, and the jury having found that the parties so intended, the court erred in failing to render judgment for the defendant on the jury's answer to special issue No. 2.

We think that whether or not time was of the essence of that part of the agreement with reference to whether or not Shillingburg was required within the six months' extension period to take a new automobile upon which he was to receive a credit for $250, by virtue of the delivery of his old automobile, is immaterial. The contract, the obligations of which were by written contract assumed by Stafford, provided that if Shillingburg did not take the new automobile, and Shillingburg's old automobile had been sold, that Stafford was to pay Shillingburg the amount received for the old automobile, less expenses incurred in selling it and putting it in condition for sale. The judgment is in literal compliance with this provision of the contract. This provision became applicable and enforcible when Shillingburg failed to take the new automobile. With reference to these matters there was no dispute. The time provision is not applicable to said provisions. The court entered the only proper judgment it could have entered under the admissions and undisputed evidence in the case. Handy v. Olney Oil & Ref. Co., Tex.Civ. App., 68 S.W.2d 313, writ refused. We have carefully examined all of defendant's contentions and they are overruled. The judgment is affirmed.