**CROWLEY v. CHAPMAN, Commissioner of Banking and Insurance. (No. 1593.)**

(Court of Civil Appeals of Texas. El Paso. March 13, 1924.)

**1. Judgment ☞256(2)—Answer on immaterial issue affords no basis for judgment.**

Jury's answer to a special issue, if the issue was immaterial, could afford no basis for judgment, and, if plaintiff was entitled to recover upon other issues, or upon the undisputed evidence, and no requests for submission of the other material issues were made, it was the court's duty to so render judgment.

**2. Banks and banking ☞47(1)—Minority stockholder's protest against increase in stock held not to relieve him from liability to stock assessment.**

Since, under Rev. St. art. 532, the capital stock of state banks may be increased by a majority only of the stockholders, the fact that a minority stockholder protested an increase of stock would not relieve him of liability for stock assessment, at least upon the stock held by him prior to the increase.

**3. Banks and banking ☞47(1)—Unlawful increase in stock held not to relieve stockholder from assessment against shares previously owned.**

That an unlawful increase in the capital stock of a bank was made without the consent of a stockholder *held* not to relieve him from liability for an assessment against stock owned by him before such increase.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by J. L. Chapman, Commissioner of Banking and Insurance, against L. M. Crowley. Judgment for plaintiff, and defendant appeals. Affirmed.

John W. Hill, of Breckenridge, for appellant.

McCartney, Foster & McGee, of Breckenridge, for appellee.

HARPER, C. J. The commissioner of banking and insurance of the state of Texas sued L. M. Crowley, and for cause of action alleged that as commissioner he closed the Breckenridge State Bank because it was insolvent, and that it was then in his hands for liquidation; that defendant was a stockholder, owning 32 shares of its capital stock, of the par value of $100 per share, subject to be assessed for the payment of the bank's debts; that he had so assessed defendant $100 on each share, and that demand had been made for payment, and defendant had refused to pay. Then he sets up that in the year 1919 the Farmers' & Merchants' State Bank of Breckenridge was incorporated with a paid-up capital stock of $40,000; that in

January, 1920, the officers and stockholders of said bank duly and lawfully changed its name to the Breckenridge State Bank & Trust Company, and increased its capital stock to 250 shares of $100 par value each, and that plaintiff became the owner of 80 shares of this latter stock; that in May, 1921, it changed its name to the Breckenridge State Bank, and reduced its capital stock to $100,000 or 1,000 shares, with par value of $100 each; that thereby defendant's stock was reduced to 32 shares; that with full knowledge of these changes defendant assented thereto and held himself out as a stockholder, and permitted his name to remain on the books of the bank as a stockholder, etc.

Defendant answered by general denial, specially denied that he ever owned any stock in the Breckenridge State Bank, or that any was ever issued to him, etc.; alleged the facts to be that he was a stockholder in the Breckenridge State Bank and Trust Company, but did not consent to the change of name, the reduction of capital stock, nor the elimination of its trust powers and savings department; that such change was a material alteration and change of his contract as a stockholder, which operated to discharge him from liability; that if he ever was a stockholder in the Breckenridge State Bank it was before the 29th day of August, 1921, on which date he surrendered and gave up his stock while the bank was in a solvent condition; that such surrender was accepted by the stockholders and directors in a mass meeting, and that on said day the capital stock was purported to have been increased from $100,000 to $200,000; that same was illegal, and without consent of defendant; that he then and there surrendered his stock, and same was accepted, and that he never thereafter was recognized as a stockholder, and never in any way participated in the management of the bank.

The case was submitted upon the following special issues:

"Special issue No. 1: Did the defendant, L. M. Crowley, consent to or approve the reduction of the capital stock of the Breckenridge State Bank & Trust Company from $250,000 to $100,000 and the elimination from its powers and privileges of the trust company powers? Answer 'Yes' or 'No.'

"Answer: Yes.

"Special issue No. 2: Did the defendant, L. M. Crowley, consent or approve the increase of the capital stock of the Breckenridge State Bank from $100,000 to $200,000? Answer 'Yes' or 'No.'

"Answer: No.

"Special issue No. 3: Did L. M. Crowley participate in the stockholders meeting of January 11, 1921, and agree to the action taken at that time? Answer 'Yes' or 'No.'

"Answer: Yes."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Judgment was rendered for plaintiff as prayed for, $3,347.71, without setting aside the verdict of the jury.

[1] Taking up the propositions in their order which seems most logical the sixth is: The court erred in not rendering judgment for appellant upon the answer to special issue No. 2, because it was a material issue, and not set aside by the court. If it was a material issue then the court could only set it aside and retry the case, but if immaterial, as we think, then it could afford no basis for judgment, and if the plaintiff was entitled to recover upon other issues, or upon the undisputed evidence, and no requests for submission of the other material issues were made, it was the duty of the court to so render judgment. Baker v. Coleman Ab. Co. (Tex. Civ. App.) 248 S. W. 412.

[2] Was it material to appellant's liability for the assessment that he did not consent to the increase of the capital stock of the insolvent bank from $100,000 to $200,000? It was material only in case appellant's first and second propositions are sound propositions of law under the facts of this case. By these it is asserted that appellant's position was that of a guarantor, and that as such his liability could not be extended beyond the actual terms of his agreement, and (2) that a majority of the stockholders could not increase the capital stock of the bank over his protest and force him to remain a stockholder over his protest, and after his refusal to join in the increase after surrender of his shares and withdrawal from further participation in the affairs of the bank.

Article 532, Revised Civil Statutes, provides that the capital stock of state banks may be increased with the consent of the persons holding a majority of the stock of the corporation; so, it appearing that the increase was accomplished in the manner provided, the fact that a stockholder protested would not relieve him of his stock in the corporation as increased, and he is not assessed on any increase of stock, and the court finds that he did not surrender his stock.

[3] By the third, fourth, fifth, and seventh the points are made that he ceased to be a stockholder at the date of the increase, September 6, 1921, and that he should have been permitted to introduce the bank's statement of that date, and the evidence of a witness to the effect that the increase from $100,000 capital stock to $200,000 was upon an agreement with the stockholders and directors of the Guaranty State Bank, which was then insolvent, to the effect that the increase was to go to the stockholders of the latter bank for the cancellation of shares in the insolvent bank; that these things sought to be proven were ultra vires acts of the corporation, without his consent and over his protest,

and for these reasons he cannot be compelled' to pay the assessment—and cites Kampman v. Tarver, 87 Tex. 491, 29 S. W. 768. This case holds that a subscriber to an issue of stock (increase) unauthorized by the statute cannot be compelled to pay assessment upon it; but we have no such state of facts here. Appellant is not a subscriber to the increased stock, nor is he assessed as such, but upon stock in the bank regularly organized. Nugent v. Board, 19 Wall. 251, 22 L. Ed. 83. So found by the court, and the evidence supports the finding. But if the increase was unlawful appellant would not be released from this assessment (Scoville v. Thayer, 105 U. S. 143, 26 L. Ed. 968), so it was not error to exclude the evidence.

Believing that the assignments and propositions are without merit, they are overruled, and cause affirmed.