**MONTRIEF & MONTRIEF v. FORT WORTH GAS CO. et al. (Motion No. 7999; No. 850–4927.)**

Commission of Appeals of Texas, Section B. April 11, 1928.

1. Trial ⬡351(2)—Statute does not authorize trial court to determine issue involving complete ground of recovery which was not submitted to jury (Rev. St. 1925, art. 2190).

Rev. St. 1925, art. 2190, relative to the effect of failure to submit issues to the jury, does not authorize trial court to determine an issue involving a complete ground of recovery which has not been submitted to the jury, but applies only to such omitted issues as are incidental to and support issues of fact which are submitted and found by the jury.

2. Trial ⬡351(2)—Cause of action constituting independent ground of recovery must, in absence of submission to jury and request therefor, be held to have been waived.

A cause of action, urged by way of cross-action, constituting an independent ground of recovery, which was neither submitted to the jury nor was request for submission made, must be held to have been waived.

3. Trial ⬡351(2)—Rendering judgment on cross-action held erroneous, where basic issue was not submitted to jury.

Trial court's rendering judgment on cross-action *held* erroneous, where the basic issue was not submitted to, and finding made thereon by, the jury.

Error to Court of Civil Appeals of Second Supreme Judicial District.

On motion for rehearing. Motion overruled.

For former opinion, see 2 S.W.(2d) 276. See, also, 297 S. W. 244.

Thompson & Barwise and B. V. Thompson, all of Fort Worth, for plaintiffs in error.

McLean, Scott & Sayers, Capps, Cantey, Hanger & McMahon, and Slay, Simon & Smith, all of Fort Worth, for defendants in error.

LEDDY, J. Plaintiffs in error insist in their motion for rehearing that the judgment of the trial court in favor of Henry Bragg against them should be reversed and rendered because the undisputed evidence shows that they were not guilty of negligence, which was the proximate cause of the injury complained of. We are unable to agree with this contention. We think the question as to whether plaintiff in error's negligence was a proximate cause of Bragg's injuries, in the state of the evidence, was properly one for the jury.

It is further insisted that the judgment of the trial court should be affirmed as rendered, because the evidence shows as a matter of law that the Fort Worth Gas Company was guilty of active negligence as against merely passive negligence on the part of plaintiffs in error.

[1] Plaintiffs in error by proper plea asserted the above by way of cross-action against its codefendant, the Fort Worth Gas Company. It did not, however, request that such issue be submitted to the jury, notwithstanding it is admitted that the questions of active and passive negligence were disputed matters of fact. It is asserted that the trial court having rendered judgment for them over against their codefendant, a finding in their favor on such issues will be implied, and article 2190, R. S. 1925, is relied on to sustain this position. This article of our statute, under the construction given it by our Supreme Court, does not authorize a trial court to determine an issue involving a complete ground of recovery which has not been submitted to the jury, but only applies to such omitted issues as are incidental to and support the issues of fact which are submitted and found by the jury. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591 (not yet officially reported).

[2] The issue of active and passive negligence constituted an independent ground of recovery. In fact, it was the sole basis of the cross-action in favor of plaintiffs in error against the Fort Worth Gas Company, and inasmuch as the case was being tried to a jury, a failure to request the submission of the issue upon which such cause of action was based was a waiver thereof. Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W.

902; San Antonio Public Service Co. v. Tracy (Tex. Civ. App.) 221 S. W. 637; G. H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524.

[3] It follows that we must hold the judgment of the trial court erroneous, as it was not authorized to render a judgment upon said cross-action until the issue upon which it was based was submitted to, and a finding made thereon, by the jury.

The motion for rehearing should be overruled.