## MURRAY CO. v. GILBERT et ux.

### No. 4343.

Court of Civil Appeals of Texas. Amarillo.
Jan. 21, 1935.

Rehearing Denied March 11, 1935.

Irving Goldberg, of Dallas, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant.

Vickers, Campbell & Evans, of Lubbock, for appellees.

MARTIN, Justice.

Appellees, Gilbert and wife, instituted suit against the Murray Company and two fire insurance companies. The insurance companies passed out of the case by the trial court's judgment, concerning which neither party to this appeal raises any question.

Appellees alleged that they owned on and prior to August 11, 1932, certain real estate and gin machinery in the town of Anton and gave to appellant, Murray Company, a deed of trust and chattel mortgage on said property to secure an indebtedness of $10,000 then owing said company by appellees. Their petition then proceeds:

"On said August 11, 1932, plaintiffs, as owners, and The Murray Company, as mortgagee, agreed that the above described property should be insured against loss by fire in some solvent fire insurance company or companies permitted to do a fire insurance business in the State of Texas. Plaintiffs agreed to so insure said property, with the proceeds in event of fire payable to The Murray Company as its interest might appear. At the time said gin company represented it was well acquainted with all the main fire insurance companies doing business in the State of Texas and had had extensive transactions in the way of insuring cotton gin property with such insurance companies, and it was agreed that it would procure the insurance on said property of the plaintiffs, with the 'loss payable clause' to it as its interest might appear in event of loss or damage to said property by fire. Thereupon said gin company caused to

be inserted in said mortgages the following agreement respecting the insurance of said property:

" 'And until the indebtedness herein secured is paid, the said mortgagor agrees to keep the above described property insured against loss or damage by fire to the full amount obtainable or for the amount of the indebtedness of The Murray Company in some insurance company or companies satisfactory to the Trustee named or his successor, and will continue said insurance until the indebtedness herein secured is fully paid, with loss, if any, payable to The Murray Company, or the said W. O. Forrester, Trustee, as its or his interest may appear and deliver said policy or policies to said Trustee, and in case the said Mortgagor fails so to do, the said W. O. Forrester, Trustee, or The Murray Company, may take out such insurance at the expense of said Mortgagor.' "

It is then alleged in substance that appellant took out "mortgage lien insurance" in the sum of $12,500 on said property, payable to themselves alone, and collected from appellees the premiums thereon; the total destruction thereafter of said property by fire; the collection in full from the insurance company of the said indebtedness.

Because the appellant violated its agreement to secure for appellees "owners' insurance," and instead took out "mortgage lien insurance," the appellees sought and procured judgment for the difference between $12,500 and the amount of their indebtedness. The amount recovered was the sum of $2,354.51.

The briefs for appellants contain ninety-seven assignments of error. Many of these are insufficiently presented, and others are of a trivial nature, which do not justify the consumption of space in their discussion. We have concluded that we are compelled to reverse the trial court's judgment, and only controlling questions will be discussed. The quoted allegations above are the heart of appellees' case. By them appellees seek to show liability for breach of an agreement to procure "owners' insurance." In what amount? We have looked in vain for an answer to this question in their petition. The provision of the trust deed quoted above is as follows: "Said mortgagor agrees to keep the above described property insured against loss or damage by fire to the full amount obtainable or for the amount of the indebtedness of The Murray Company in some insurance company or companies satisfactory to the Trustee named or his successor."

The owner had the option to take either the "full amount obtainable," or "the amount of the indebtedness of the Murray Company." Which did he elect to take? We do not know and cannot find out by reading the petition. If the latter, he has no case obviously. If the former, what amount was obtainable? If their insurable interest in the property did not exceed their indebtedness, surely it could not be contended that they have been damaged. It is no answer to say that $12,500 mortgage lien insurance was actually obtained. The insurable interest of the mortgagee in the property did not exceed the amount of its debt. We interpret the policies delivered as limiting liability to such interest, even if the law does not do so. See note 68 A. L. R. 1344, for statement of rule. This does not prove that its value was such as to give the owner an insurable interest above such debt equal to the amount of the judgment procured. The insurer may have been willing to write a policy of mortgage lien insurance for $12,500, knowing that its liability could not exceed the mortgagee's indebtedness. But does such conclusively evidence an insurable value of $12,500? The policies issued by it do not show an agreed value. This is not a suit on an insurance policy and therefore not governed by article 4929, reading as follows: "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property."

Compensation for the injury is the end sought in a suit of this character. How could there be an injury to appellees, unless their insurable interest in the property exceeded their indebtedness? And how could the trial court ascertain the extent of their injury without a basis for same in the pleading and proof? If a valid contract was made with appellant to procure insurance on appellees' property for the full amount obtainable and an amount above appellees' indebtedness was obtainable, and such contract was breached, the appellees, upon full and proper allegation and proof of these, are entitled to recover. Commonwealth Fire Ins. Co. v. Obenchain (Tex. Civ. App.) 151 S. W. 611; 26 C. J., p. 43. Assuming that appellees properly pleaded and proved a case based upon the breach of such a contract, we have in this record a hotly contested issue as to the existence of a contract for "owners' insurance." Gilbert testified unequivocally as to its existence, and appellant vigorously denied it, claiming the

contract was for "mortgage lien insurance." In this state of the record the court submitted only the following two issues:

"Special Issue No. 1: Do you find by a preponderance of the evidence that the plaintiff paid or caused to be paid the Murray Company, $750.00 as premium for fire insurance? Answer yes or no.

"Answer: Yes.

"Special Issue No. 2: Do you find by a preponderance of the evidence that the plaintiff paid or caused to be paid, The Murray Company, the premiums for $12,500.00 worth of fire insurance as specified and described in the chattel mortgage and deed of trust in evidence before you? Answer yes or no.

"Answer: Yes."

Suppose appellees did pay the premiums as found by the jury, but no contract actually was made for owners' insurance? Appellees had no case without proof of a contract for "owners' insurance."

Upon this Gilbert says, "Yes"; appellant says, "No." Can the court, particularly over appellant's objection, refuse to submit this disputed issue which is the very foundation of appellees' case, and itself make such finding? This is not any longer an open question in Texas. We quote from Judge Sharp's opinion in International-Great Northern Railroad Company v. Casey (Tex. Com. App.) 46 S.W. (2d) 669, 671: "The law places the burden upon the plaintiff to allege and prove that he was entitled to a judgment against the railroad company, and, if the pleadings and evidence raise certain issues, it was the duty of the trial court to submit the essential issues to the jury for a finding thereon. If the court failed to submit such issues, it was the duty of plaintiff to request their submission. If plaintiff failed to do this, he has not met the burden placed upon him by law. If it was not done, the law presumes that he waived it, and, unless it is a matter that is incidental or supplemental to the ultimate issues, then the trial court would not be justified in finding this essential fact without having an answer to the jury first made on the issues submitted. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W. (2d) 708; Montrief & Montrief v. Ft. Worth Gas Co. (Tex. Com. App.) 4 S.W.(2d) 964; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210."

See, also, Munves v. Buckley (Tex. Civ. App.) 70 S.W.(2d) 605. The confusion in the authorities on this subject is pointed out in Garrett v. State (Tex. Civ. App.) 51 S.W.(2d) 822, but the present state of the law does not admit of any doubt. Appellees failed to request the submission of this issue. Appellant, vaguely in some and pointedly in others, by written and timely objections, called the court's attention to this omission. These sufficiently show at least that appellant did not acquiesce in the submission of the case with this important issue omitted. The judgment therefore was without a proper finding upon which it could be based, and its entry without such was error. Authorities, supra.

If the two errors pointed out are corrected, about all the other points made by appellant on this appeal that have any merit will pass out of the case.

■ We do not believe proof of custom in writing policies in similar cases as attempted to be made by appellant is admissible to contradict the terms of an express, unambiguous contract. 17 Tex. Jur., p. 413, § 148.

■■ Appellees made proof of statements by appellant's agents as to the value of the property. This was harmless, under the record before us, but upon an issue as to the insurable value of the property made by proper pleadings, would, in our opinion, be inadmissible as original evidence of such value.

The judgment of the trial court is reversed and the cause remanded.