## GENTRY v. CENTRAL MOTOR CO.

### No. 1790.

Court of Civil Appeals of Texas. Waco.

Dec. 17, 1936.

F. M. Fitzpatrick, of Waco, for appellant.

Nat Harris, of Waco, for appellee.

ALEXANDER, Justice.

Central Motor Company brought this suit against John W. Gentry to recover a balance of $130 alleged to be due on a promissory note in the original sum of $145, bearing 10 per cent. interest from date and bearing a credit of $15, and to foreclose a chattel mortgage lien on an automobile. Ancillary to the main suit, a writ of sequestration was issued and levied on the automobile. The defendant, for various reasons, sought to quash the writ of sequestration, and by cross-action alleged that the note sued on was usurious and sought to recover damages for the illegal suing out of the writ of sequestration. He also alleged that in levying on the automobile, the officer, with the consent of the plaintiff, took charge of his plumbers' tools, and that he was damaged thereby. The jury in answer to special issues found in effect that the plaintiff included in the note an extra charge of $25 as carrying charges and intended to charge $17.50 thereof as interest over and above the 10 per cent. provided for in the note; that the defendant lost fourteen days time, of the value of $10 per day, as a proximate result of being deprived of the use of his tools. The record discloses that on April 30, 1935, appellee filed a formal motion for judgment in its behalf non obstante veredicto. On the same day, on a hearing of said motion, the court found that the evidence was insufficient to support the jury's answers to two of the issues and proceeded to enter judgment for plaintiff for $112 and for foreclosure of its lien on the automobile, which was in accordance with the findings of the jury in answer to the other issues and what the court conceived to be the undisputed evidence. The defendant appealed.

■ The record does not disclose that any notice of the filing of the motion for judgment non obstante veredicto was given to appellant, nor does the judgment recite, or the record otherwise disclose, that appellant had notice thereof, or that he appeared in person or by attorney at the hearing thereon. The Commission of Appeals in Hines v. Parks, 96 S.W.(2d) 970, 973, in discussing a situation in which the purported motion for judgment non obstante veredicto was defective and no notice of the filing thereof was given to the opposite party, said:

"We deem it proper to say that in all cases where the trial court has disregarded a finding of the jury, the judgment should recite the filing of proper motion, that reasonable notice thereof was given, that a hearing was had, and that the parties appeared in person or by attorneys; and it should declare the action of the court on the motion, as well as the entry of judgment after disposition of the motion. In such case the usual presumptions which accompany a regular judgment would be available.

"As the motion filed by plaintiff in this case did not meet the requirements of the statute, and as there is nothing in the record to show that reasonable notice was given, we conclude that the court was not authorized to disregard the finding of the jury."

See, also, Amarillo Transfer & Storage Co. v. DeShong (Tex.Civ.App.) 82 S.W. (2d) 381, par. 2; R.S. art. 2211, as amended (Vernon's Ann.Civ.St. art. 2211).

■ Since the trial court was without authority to enter judgment contrary to the verdict in the absence of notice to appellant, and since the record fails to disclose that any such notice was given, the judgment of the trial court must be reversed. Accordingly, the judgment is reversed, and the cause remanded for a new trial.