## STALLINGS v. FEDERAL UNDERWRITERS EXCHANGE.

### No. 4774.

Court of Civil Appeals of Texas. Amarillo.
June 7, 1937.

Rehearing Denied Sept. 13, 1937.

McWhorter & Howard, of Lubbock, for appellant.

Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellee.

JACKSON, Chief Justice.

This appeal is prosecuted by Jack Stallings from a judgment obtained against him in the district court of Hale county by the Federal Underwriters Exchange in a suit in which he sought to recover compensation for accidental injuries which he claimed to have received on July 20, 1935, while in the employ of the Lone Star Construction Company.

There is no complaint made of the sufficiency of the pleading of either party and no question as to the jurisdictional facts alleged on the merits of the case; hence we deem any further statement of the pleadings unnecessary.

The cause was submitted on certain special issues all of which were answered by the jury in favor of the appellant; but in our view, such findings as were made by the jury are immaterial to a disposition of this appeal.

After the verdict was returned, the appellant moved that judgment be rendered for him in accordance with the evidence and verdict of the jury, but this motion was denied and a judgment entered in words and substance, as follows:

"On this the 25th day of June, A. D. 1936, came on to be heard the above entitled and numbered cause and came both the plaintiff

and the defendant in person and by their respective attorneys, and announced ready for trial: thereupon came a jury of twelve good and lawful men to-wit, G. H. Braham, Jr. and eleven others, who were duly impaneled and sworn to try the issues herein and after the pleadings were read and the evidence introduced the court submitted said cause to the jury on special issues which are hereby referred to and made a part hereof, the same as if fully written herein, and the jury thereafter retired to consider of its verdict and on the 26th day of June, A. D., 1936, returned into open court its verdict which is hereby referred to and made a part hereof, the same as if herein fully written, which said verdict was received and ordered filed by the court.

"And the court being of the opinion that under the law and the evidence he should have instructed a verdict in favor of the defendant at the conclusion of the evidence, the court here now renders judgment non obstante veredicto in favor of the defendant, Federal Underwriters Exchange."

The decree then denies the appellant any recovery, provides that appellee may go hence without day, sets aside the award of the Industrial Accident Board, and taxes the costs against the appellant.

The appellant had pleaded that his employer was a subscriber and carrying insurance with the Federal Underwriters Exchange for the protection of its employees and the appellee insurance company had answered by general denial.

In the absence of the jury the appellant introduced before the court "for jurisdictional purposes only" notice that his employer had become a subscriber under the Workmen's Compensation Statute (Vernon's Ann. Civ.St. art. 8306 et seq.) and carried a policy with the Federal Underwriters Exchange for the protection of its employees, and that the policy was in effect from January 6, 1935, to January 6, 1936. None of this testimony was introduced before the jury to show that appellee had issued a policy of compensation insurance to appellant's employer and no other testimony of any probative force on the issue of coverage was presented to the jury. Such issue was not submitted to the jury and no request made by appellant for the submission of such issue, and hence no finding by the jury thereon.

In Traders & General Ins. Co. v. Milliken et al., 87 S.W.(2d) 503, 505, Judge Martin,

speaking for this court, said: "It is alleged by plaintiff that defendant had issued its policy of insurance to his employers under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.) and that such policy was in full force and effect. Plaintiff, in the absence of the jury and for jurisdictional purposes only, offered a certified copy of 'Notice that Employer had become a Subscriber,' etc. We find no other evidence of any probative force of any contract of insurance issued by defendant. The allegation of coverage above mentioned had to be made and proof of it was indispensably necessary. The above evidence proved jurisdiction, but not liability. It is specifically limited to such, before the court only, and not offered as showing liability. The two are not identical. We sustain defendant's assignment questioning the sufficiency of the evidence to show liability. Texas Indemnity Ins. Co. v. Allison (Tex.Civ.App.) 75 S.W.(2d) 999; Zurich General Accident & Liability Ins. Co. v. Thompson (Tex. Civ.App.) 19 S.W.(2d) 153."

The appellant's cause of action was based primarily on the fact allegations that the policy had been issued by appellee and was still in effect at the time of his injury. It was incumbent on him not only to plead, but to introduce sufficient evidence before the jury to warrant, a finding in his favor on such facts and to secure their submission for the jury's determination.

In International-Great Northern Railroad Company v. Casey (Tex.Com.App.) 46 S.W. (2d) 669, 671, Associate Justice Sharp says: "The law places the burden upon the plaintiff to allege and prove that he was entitled to a judgment against the railroad company, and, if the pleadings and evidence raise certain issues, it was the duty of the trial court to submit the essential issues to the jury for a finding thereon. If the court failed to submit such issues, it was the duty of plaintiff to request their submission. If plaintiff failed to do this, he has not met the burden placed upon him by law. If it was not done, the law presumes that he waived it, and, unless it is a matter that is incidental or supplemental to the ultimate issues, then the trial court would not be justified in finding this essential fact without having an answer to the jury first made on the issues submitted. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S.W. 902; Bulin v. Smith (Tex.Com.App.) 1 S.W.(2d)

591; Dallas Hotel Co. v. Davison (Tex. Com.App.) 23 S.W.(2d) 708; Montrief & Montrief v. Ft. Worth Gas Co. (Tex.Com. App.) 4 S.W.(2d) 964; Federal Surety Co. v. Smith (Tex.Com.App.) 41 S.W.(2d).210." See, also, Murray Co. v. Gilbert et ux. (Tex.Civ.App.) 80 S.W.(2d) 805. Having failed to make proof of such coverage, the court at the conclusion of the evidence would have been warranted in giving a peremptory instruction in favor of appellee as it requested. Since proof of coverage was insufficient to warrant the submission of such issue to the jury and it was not submitted or requested, the court could not render a judgment for appellant because it would not have found support either in the testimony or the findings of the jury.

The appellant on the same day he filed his motion for judgment filed a motion asking, in the event judgment was not rendered for him on the evidence and verdict of the jury, that the court grant him a new trial.

In the motion for a new trial he alleges no error and presents no reason why a new trial should be granted, but in this court under a sufficient assignment contends that the trial court committed error in rendering judgment against him non obstante veredicto in the absence of a motion therefor by appellee and a hearing thereon by the court after proper notice to appellant. No motion for a judgment non obstante veredicto and no notice of the filing of such motion appears in the transcript, and the only reference to judgment notwithstanding the verdict is contained in the judgment of the court in which he states that he is of the opinion that under the law and the evidence he should have instructed a verdict for the defendant at the conclusion of the testimony and because thereof he renders judgment non obstante veredicto for appellee. The appellee's contention is that in the absence from the record of a statutory motion and notice invoking jurisdiction of the court to render a judgment for it notwithstanding the verdict, the recitation in the judgment that the decree was so rendered raises a presumption binding on this court that such motion and notice were filed and proper hearing had thereon in the trial court. In the case of Frank Templeton et al. v. Catherine Ferguson et al., 89 Tex. 47, 33 S.W. 329, 332, it is said:

"Jurisdiction is the power of a court to hear and determine a cause and enforce its decree. * * *

"The question of the validity of judicial proceedings for want of jurisdiction arises in two classes of cases.

"Thus there are classes of cases over which a court has not, under the very law of its creation, any possible power. * * *

"Again, there are classes of cases over which the law has conferred upon the court general judicial power, but its right to exercise such power in a particular case is challenged, and the nullity of its proceedings urged * * * upon the ground * * * that no such preliminary steps had been taken as authorized the court to exercise its powers in the given case."

In 25 Tex.Jur. p. 838, par. 322, the text reads as follows: "When a court of general jurisdiction exercises special powers not according to the course of the common law, no presumptions will be indulged in favor of the regularity of its judgment."

In Galpin v. Page, 18 Wall. 350, 371, 21 L.Ed. 959, the Supreme Court of the United States says: "Where the special powers conferred are exercised in a special manner, not according to the course of the common law, or where the general powers of the court are exercised over a class not within its ordinary jurisdiction upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. The facts essential to the exercise of the special jurisdiction must appear in such cases upon the record."

See, also, Cunningham v. Robison, 104 Tex. 227, 136 S.W. 441; Mingus v. Wadley et al., 115 Tex. 551, 285 S.W. 1084.

Under the common law the court was not empowered to render a judgment non obstante veredicto except in a very limited class of cases, 33 C.J. page 1178, para. 112; Spence v. National Life & Accident Ins. Co. (Tex.Civ.App.) 59 S.W. (2d) 212, and the instant case is not included in such limited class. Under article 2209, R.C.S.1925 a court was without authority to set aside the findings of a jury even if such finding was without sufficient support in the evidence and against the uncontroverted testimony. Waller v. Liles, 96 Tex. 21, 70 S.W. 17.

The amendment to article 2211 (Vernon's Ann.Civ.St. art. 2211) authorizes the district court, if its jurisdiction is properly invoked by the procedure there-

in provided, to "render judgment non obstante veredicto if a directed verdict would have been proper, and * * * disregard any Special Issue Jury Finding that has no support in the evidence."

 We are of the opinion that the recitations in the judgment of the court in this case are insufficient to warrant the presumption that he acted after a proper motion had been filed, notice thereof given, and a hearing had thereon. Hines v. Parks et al. (Tex.Com.App.) 96 S.W.(2d) 970; Gentry v. Central Motor Co. (Tex.Civ.App.) 100 S.W.(2d) 215. We conclude therefore that the power of the court to render a judgment notwithstanding the verdict was not invoked in compliance with the amendment to article 2211 and the judgment erroneously stated that it was rendered for appellee non obstante veredicto. This statement in the judgment does not, however, in our opinion, require a reversal of the judgment because under the pleading, the evidence, and the lack of a finding by the jury on a material issue—not conceded—the appellant was not entitled to a judgment and the court was without authority to render any judgment other than that entered for appellee.

This conclusion of the law is sustained in the holding in the case of Handy v. Olney Oil & Refining Co., Inc. (Tex.Civ. App.) 68 S.W.(2d) 313, and the authorities therein cited, among which is Vogel v. Allen, 118 Tex. 196, 13 S.W.(2d) 340, 341, in which the Supreme Court says:

"It is a general rule that the court is not authorized to render a judgment notwithstanding the findings of the jury. Fant v. Sullivan (Tex.Civ.App.) 152 S.W. 515; Taylor v. Davis (Tex.Civ.App.) 234 S.W. 104; Lemm v. Miller (Tex.Civ. App.) 245 S.W. 90.

"There is, however, a well-recognized exception to this rule to the effect that where, under no view of the pleadings and evidence, the plaintiff is entitled to recover, the submission of the issues and the findings of the jury are immaterial, and may be disregarded by the court. Hays v. Stone, 36 Tex. 181; Baker v. Coleman Abstract Co. (Tex.Civ.App.) 248 S.W. 412; Ferguson v. Kuehn et al. (Tex.Civ.App.) 246 S.W. 674; Crowley v. Chapman (Tex.Civ.App.) 260 S.W. 231; Hicks v. Armstrong (Tex.Civ.App.)

142 S.W. 1195; Stark v. George (Tex. Civ.App.) 237 S.W. 948.

"Under no view of the pleadings and evidence were appellants entitled to recover against appellee; hence the court properly ignored the findings of the jury and rendered judgment for appellee."

The original opinion is withdrawn, the motion for rehearing overruled, and the judgment affirmed.