## BRIGHT v. WIELAND et ux.*
### No. 3804.

Court of Civil Appeals of Texas. El Paso.

March 9, 1939.

Rehearing Denied March 30, 1939.

*Writ of error refused 128 S.W.2d 1137.

Isaacks & Lattner, of El Paso, for appellant.

Abner S. Lipscomb, of El Paso, for appellees.

WALTHALL, Justice.

Mary Etta Bright, a feme sole, as plaintiff in the trial court, brought this suit against George E. Wieland and wife, Anna Grace Wieland, as defendants. The suit seeks to recover on four promissory notes of a series of notes executed by defendants on December 26, 1930, the notes aggregating the principal sum of $2,050, and to foreclose a deed of trust lien given to secure the payment of the notes on two tracts of land in El Paso County, Texas, and described as lots nine (9) and ten (10) in block 163 of Alexander Addition to the City of El Paso, El Paso County, Texas, as per the map and plat of said City and said Addition on file in the office of the County Clerk of El Paso County.

Defendants Wieland and wife answered, in effect, that on January 21, 1936, for a valuable consideration plaintiff and defendants entered into a written agreement by the terms of which plaintiff agreed that the notes sued upon, aggregating $2,050, and secured by the deed of trust on the property involved here, would be settled by defendants paying to plaintiff the sum of $1,025, in partial payments as stated in defendants' answer; that thereafter defendants paid, as stated, said sum of money in full as agreed; that said written agreement as pleaded constituted a new and substitute agreement between plaintiff and defendants, and that by reason of said payment the notes sued upon and the lien sought to be foreclosed have been fully discharged.

The written agreement pleaded as a substitute agreement between the parties was offered in evidence and is as follows:

"Ex. 'A'
"The State of Texas, ⎫
County of El Paso. ⎭

"For valuable consideration this contract and agreement is entered into by and between Mary Etta Bright, a widow, and G. E. Wieland and wife, Anna Grace Wieland: and,

"Whereas, Mary Etta Bright is the owner and legal holder of notes Nos. 4, 5, 6, 7 and 8 aggregating the sum of $2050.00, signed by the said G. E. Wieland and wife, Anna Grace Wieland, secured by a deed of trust on Lots 9 and 10 in Block 163 of the Alexander Addition to the City of El Paso, Texas:

"Now, therefore, it is hereby agreed and understood by and between the parties hereto that Mary Etta Bright will accept in full settlement of the above notes the sum of $1025.00, which amount is to be paid as follows: the sum of $350.00 cash and the balance of $675.00 to be paid at the rate of $15.00 per month on the first day of each month, beginning March 1, 1936. It is also agreed and understood that G. E. Wieland and wife, Anna Grace Wieland reserve the right to pay any balance that might be owing on this contract at any time that they may desire.

"In witness whereof, this instrument is executed in duplicate this 21st day of January, A.D. 1936.
"(Signed) Mary Etta Bright
" · Anna Grace Wieland
" Geo. E. Wieland."

Appellant admitted that she signed the above contract, but by supplemental petition demurred to the answer and specially denied that there was any consideration for the above substitute agreement other than "purely out of sympathy for the defendants who complained that they were unable to meet the payments of interest and principal on the said notes (the original notes sued on), and that she signed same at the importunities of defendants and without any consideration whatever."

Defendants filed their second amended answer in which, among other matters pleaded and not necessary to state, they alleged, in substance, that in the years 1935 and 1936, a "dispute" arose between plaintiff and defendants embracing matters not necessary to state, but including whether or not defendants intended to abandon said property and leave same for the satisfaction of the lien then against said property; that plaintiff and defendants, in satisfaction and adjustment of said dispute, as aforesaid, entered into the above written agreement.

Defendants alleged that the consideration for the agreement was: defendants had serious doubts whether or not they desired to continue living and residing in said property and paying thereon; that plaintiff was desirous of defendants keeping and retaining said property, as she did not deem the property worth the amount of the notes against it; plaintiff informed defendants that, for said reason, she desired defendants to keep said property and pay same out as in the substitute agreement; that to do so would be more beneficial to her; that acting upon plaintiff's request defendants retained said property; that but for such request defendants would not have retained the property and paid said sum of money on said substitute agreement.

On special issues submitted the jury found: (1) that defendants had paid to plaintiff on the substitute agreement the sum of $1,030; (2) that plaintiff signed the instrument (the written agreement) for a valuable consideration; (3) defendants paid to plaintiff the amount of $105 after January 21, 1936, and prior to August 19, 1936.

The verdict was received and filed. On plaintiff's motion for judgment non obstante veredicto the court found the jury's verdict was incorrect in the amounts stated, and that defendants were in arrears in the sum of $60, same being two monthly payments, and rendered judgment in favor of plaintiff in the sum of $60, and a foreclosure of the deed of trust on the property described.

Plaintiff appeals.

## Opinion

On January 21, 1936, when the written substitute agreement, copied herein above, was executed in full satisfaction of the notes sued upon by appellant, and upon which notes there was then due and payable $668, and in which substitute agreement appellees agreed to pay $350, appellant contends here that the substitute agreement was and is void and unenforcible for the reason that in the substitute agreement appellees were contracting to pay a less amount than they were allegedly obligated and bound to pay as evidenced by the notes sued upon. That is, the agreement to pay a part of an undisputed debt already due is not a sufficient consideration to support a promise to accept the payment of the less amount in full satisfaction of the debt.

Before discussing the above proposition, which states only a part of the consideration which was admitted in evidence on the trial, we think it well to state part of the conversation had between appellant and appellees testified to have occurred before the execution of the substitute agreement now attacked for want of a sufficient consideration.

We find in the evidence admitted on the trial that before the substitute agreement was executed the appellant and appellees met by appointment and, briefly stated, the following occurred in their conversation as to appellees' indebtedness on the notes sued on: Appellee Mrs. Wieland testified: That property is my home; it is a five-room house, a sleeping porch and basement; admitted she and husband signed the notes sued on; met Mrs. Bright (appellant) for the purpose and talked with her with reference to the payment of these notes; discussed the fact that she and Mr. Wieland had previously tried to refinance the notes; Mrs. Bright said, "to get something out of it and help her and help take care of her expenses, we would compromise and go into this other agreement, which we did"; we discussed fully whether we could pay this $2,050, told her we had had reverses and that we would like to keep the property; Mrs. Bright said she "didn't want the property, she wanted the

income from it." To the question, "Did you and Mr. Wieland offer Mrs. Bright the property?" witness said, "If we didn't compromise, we would have to turn the property over to her." Witness said appellees offered to give the property back in satisfaction of the notes, to which offer appellant replied, "she couldn't handle it"; "she didn't want the property, it had more indebtedness against it and more repairs than she could handle." In stating the condition of the property the witness testified: There was about $800 taxes against it; it would take $500 to place the property in a good state of repair. Witness testified the compromise proposition came from appellant. It was her desire to take a less sum for the notes; said she had found the house was as represented and she wanted to settle these notes and would take fifty cents on the dollar. Witness said that reducing the indebtedness and accepting as reduced was the only way appellees could carry it. It finally ended in the written agreement as above.

■ As stated by appellant there was no dispute as to the amount due on the notes on the date the substitute agreement was made. We also concede, as stated by appellant, that the payment of a part only of a debt which is due and undisputed is not a sufficient consideration to support a promise to accept the payment in full satisfaction of the debt. The reason is said to be that the payor is already bound to make such payment.

■ It was said, however, by Judge Talbot, of the Dallas Court of Civil Appeals, in Rotan Grocery Co. v. Noble, 36 Tex. Civ.App. 226, 81 S.W. 586, 588, that the rule as above stated is generally recognized, but that "the least consideration, however, in such a case, is sufficient to make the agreement binding."

The same rule as applied by Judge Talbot seems to have been applied by the Supreme Court of Massachusetts in Brooks v. White, reported in 2 Metc. 283, 37 Am. Dec. 95; also by the Supreme Court of Maine in Hinckley v. Arey, 27 Me. 362, where the rule is fully discussed and many cases referred to and where it is said that the value of the satisfaction is not material. In Dawson, Executor, v. Beall, Administrator, 68 Ga. p. 328, the Supreme Court of Georgia said, in substance, that an agreement by a debtor not to go into bankruptcy furnished a sufficient consideration to support a contract to take less for the debt than the full amount.

■ We think the evidence we have above stated sufficiently shows a consideration for the substitute contract; and especially is that true where the substitute agreement was made in good faith and has been executed, as found by the jury.

■ The record does not show that notice was given of appellant's motion for judgment notwithstanding the verdict, nor that notice was waived. The courts have uniformly held that without such notice the trial court was without authority to set aside or disregard the finding of the jury on special issues. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, affirming Tex.Civ. App., 68 S.W.2d 364; Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449; Gentry v. Central Motor Co., Tex.Civ.App., 100 S.W.2d 215.

In the absence of such notice the trial court was without authority to enter any judgment other than in conformity with the verdict, or to declare a mistrial. Hines v. Parks, supra, and Massie v. Hutcheson, Tex.Com.App., 270 S.W. 544, 545.

In this case the jury returned its verdict making findings on issues one and three on the amount of money paid by appellees to appellant on the substitute agreement. The judgment recites that the verdict was received by the court and filed. The judgment further recites that the court having heard and considered the motion (the non obstante veredicto motion) "finds that there is no credible evidence to sustain the jury's answer to question No. 1, in the sum of $1,030, and the jury's answer to question No. 3, in the sum of $105," and then made findings as to what the jury's answers should have been on each issue, and on the amount found by the court rendered judgment.

The record does not show that appellees made any objection to judgment; they did not appeal nor file a cross assignment of error.

■ The confusing question here is, the judgment this Court should render. We have concluded that the only judgment this Court can render is the judgment the trial court could properly have rendered, that is, as found by the jury, in effect, that appellees have performed the agreement.

■ The questions submitted to the jury clearly were jury questions, made so by the

pleadings and the evidence. The court clearly did not withdraw the issues from the jury, but did make findings in the judgment changing and reducing the amounts found by the jury.

We have concluded that the judgment should be that appellant take nothing by her suit.

The judgment is reversed and here rendered in favor of appellees.