## HENDERSON v. SOASH et al.
### No. 5351.

Court of Civil Appeals of Texas. Amarillo.

Nov. 10, 1941.

Rehearing Denied Dec. 10, 1941.

Bean, Evans & Bean, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellees.

JACKSON, Chief Justice.

The record shows that on July 16, 1935 W. P. Soash, M. G. Abernathy, J. M. Parkhill and W. F. Schenk made, executed and delivered their two promissory notes each in the sum of $91.45 to J. T. Harris payable to him on December 1, 1935 and February 1, 1936, respectively. C. M. Henderson acquired the notes and on April 28, 1939 he instituted suit in the County Court of Lubbock County against the makers of the notes, who were in default in the payment thereof, to recover the principal, interest and attorney's fees as therein provided.

The appellees answered by general demurrer, general denial, alleged that appellant was not a good faith purchaser of the notes, not the owner thereof, that he had failed to acquire them before maturity and that the consideration for the notes had failed. They made J. T. Harris a party to the suit by cross-action and sought to recover against him for damages they claimed to have sustained by virtue of his breach of a contract connected with the transaction.

J. T. Harris answered by general demurrer, general denial, asserted that the notes were given to him for a valuable consideration and that he had before maturity and in due course of trade sold and transferred them to C. M. Henderson.

On January 26, 1940 the case was tried before J. J. Dillard, County Judge of Lubbock County, and on special issues submitted the jury found that the notes were executed for a valuable consideration; that appellant was the owner thereof; that he

paid a valuable consideration therefor and acquired them before maturity in due course of trade.

On February 15, 1940 the appellees were granted a motion for a new trial and the judgment theretofore rendered for the appellant on the findings of January 26, 1940 was set aside. Shortly after the motion for a new trial was granted the attorney for C. M. Henderson, the plaintiff, was informed by the county judge that he was under obligation to W. F. Schenk and a friend to Abernathy and that he could not render judgment against them and had set aside the judgment in behalf of Mr. Henderson on his own motion. It was known that the term of J. J. Dillard as county judge would expire December 31, 1940 and appellant did not anticipate that he would be required to try it again until after the successor of J. J. Dillard to the office of county judge was elected and qualified, however, the county judge who was under obligation to some of the appellees permitted them to set the case for trial again before his term of office expired and the appellant was required to try the case a second time on December 20, 1940 before J. J. Dillard. The trial was on the same pleadings and substantially the same special issues were submitted to the jury which again found that the notes were given for a valuable consideration; that the appellant was the owner thereof and had acquired them in due course of trade before maturity and for a valuable consideration.

The day after this verdict J. J. Dillard advised the attorney for appellant that he was greatly disappointed in the verdict of the jury as he was a friend to Mr. Schenk and also a friend to one of the other defendants and he was uncertain what he would do with the verdict. The appellees again filed a motion for a new trial and again attacked the sufficiency of the testimony to support a verdict and again on December 24, 1940, J. J. Dillard granted the motion and also upon his own motion set aside the verdict, which ruling was entered December 28, 1940.

Neither appellant nor his attorney was present at the last hearing for new trial though Dillard had promised to advise the attorney when the hearing would be had.

J. J. Dillard's term of office as county judge ended on December 31, 1940 and the Honorable G. V. Pardue, qualified as county judge and thereafter on January 4th he

considered a motion filed by appellant to vacate the order of J. J. Dillard setting aside the verdict of the jury. Appellant also prayed that a judgment for him be rendered on the notes. The Honorable G. V. Pardue set aside the order of J. J. Dillard theretofore made vacating the verdict of the jury but adjudged that C. M. Henderson take nothing; that W. P. Soash, M. G. Abernathy and W. F. Schenk have judgment on their motion therefor non obstante veredicto, from which action of the court this appeal is prosecuted.

■ At the threshold of our investigation we are confronted with the motion of appellees to strike out the statement of facts because signed by the successor of J. J. Dillard. Under article 2248, Vernon's Ann.Civ.St., any judge of the district or county court whose term of office expires before the adjournment of the term of the court at which a case was tried and during the period for filing statement of facts or bill of exception, conclusions of fact, etc., may approve such instruments and if he dies before the time of such approval the same may be approved by his successor as provided in article 2288 but there is no provision in the statute for the successor of a county or district judge to approve the statement of facts for the appeal of a case tried before his predecessor who is still living. C-R-C Law List Co. v. Rowe, Tex.Civ.App., 204 S.W. 781. The same principle is announced in Argo et al. v. Gulf, C. & S. F. R. Co., Tex.Civ.App., 265 S.W. 1065; American Equitable Assur. Co. of New York v. Martin, Tex.Civ.App., 33 S. W.2d 287.

■ The Honorable G. V. Pardue recites in his judgment that it was rendered non obstante veredicto. The record fails to disclose such a motion and he was without authority to render a judgment for the appellees since the findings of the jury permitted a judgment only for appellant.

In Bright v. Wieland et ux., Tex.Civ. App., 127 S.W.2d 372, 375, the court says: "The record does not show that notice was given of appellant's motion for judgment notwithstanding the verdict, nor that notice was waived. The courts have uniformly held that without such notice the trial court was without authority to set aside or disregard the finding of the jury on special issues. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, affirming Tex.Civ.App.,

68 S.W.2d 364; Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W. 2d 449; Gentry v. Central Motor Co., Tex. Civ.App., 100 S.W.2d 215."

These authorities and this record are decisive against the compliance with article 2211 relative to a judgment non obstante veredicto.

■ The judgment of the Honorable G. V. Pardue must be set aside for this additional reason. In St. John v. Archer et al., Tex.Civ.App., 147 S.W.2d 519, 521, the court says: "It is clear that a judge who enters an order or a judgment ordinarily retains jurisdiction over such order or judgment until the end of the term, or until such judgment passes beyond his control by reason of some other provision of the statute and he may change, amend or set aside such an order or judgment without hearing further evidence, and even upon his own motion. But his successor in office, or a special judge selected to act in his place and stead, does not have such control of orders and judgments rendered by such prior judge. It would seem that if the first judge had jurisdiction to render such order or judgment, that such succeeding or special judge would not have jurisdiction to change, amend or set aside such order."

We are unable to comprehend why J. J. Dillard who had been honored by the people with the distinguished position of county judge of their county and who had taken an oath to discharge and perform all the duties incumbent upon him as such county judge according to the law and constitution of this State would fail to recuse himself from presiding as judge in the trial of this case when according to his own statements he knew and according to his conduct the conclusion is inescapable that he was prejudiced, biased and disqualified to act in the case.

Inasmuch as there is no statement of facts before us and the Honorable G. V. Pardue was without jurisdiction to vacate the order of his predecessor granting a new trial and without jurisdiction to render a judgment for the appellees the case still stands on the docket for trial on the order of J. J. Dillard vacating the verdict of the jury and the judgment is reversed and the cause remanded.