**C. L. REEVES et al., Appellants,**

v.

**LAGO VISTA, INC., Appellee.**

No. 12051.

Court of Civil Appeals of Texas, Austin.

July 25, 1973.

Rehearing Denied Aug. 15, 1973.

Dale E. Muller, James R. Sloan, Austin, for appellants.

Louis Scott Wilkerson, Sneed, Vine, Wilkerson & Selman, Barry K. Bishop, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellee.

O'QUINN, Justice.

C. L. Reeves, one of the appellants, brought this lawsuit against Lago Vista, Inc., in August of 1968 for an accounting and recovery of commissions from sales of lots in a resort subdivision, owned by the corporation in the vicinity of Lake Travis west of Austin, pursuant to written agreements between the parties.

The parties went to trial in October of 1972 on amended pleadings reflecting the addition of four parties plaintiff after the original suit was filed and that Lago Vista, Inc., by charter amendment was also identified as National Resort Communities, Inc.

In their third amended original petition, the pleading on which they went to trial, plaintiffs pleaded alternative theories of recovery. In addition to pleas setting up an oral contract to arrange a meeting between Lago Vista and representatives of a sales organization capable of marketing the resort lots in consideration that Lago Vista would pay plaintiffs a commission on property sold, the plaintiffs pleaded fraud in inducement of certain written agreements later made and their right of reformation by reason of misrepresentations of fact. Plaintiffs pleaded full performance of the oral contract for personal services and also, alternatively, full performance of the written contracts, and the right to account-

ing under either the oral or written contracts.

Plaintiffs alleged that C. L. Reeves and his partner, Wayne Burns, while engaged in performing construction work at Lago Vista resort in 1967, entered into an oral agreement with John A. Moss, president of Lago Vista corporation, to bring about a meeting between Moss and representatives of a sales organization capable of handling the selling, marketing, and advertising of the resort properties. For such personal services, plaintiffs alleged, Reeves and Burns were to be paid a fee of ten percent of the gross sales, regardless of the amount of the sales and without a minimum sales cancellation provision in the contract.

In response to special issues, the jury found with plaintiffs in support of these allegations.

It is not disputed that Reeves and Burns brought Havasu Sales, Inc., through its representatives, Raymond Thomas and James Small, into a meeting with Moss of the Lago Vista company pursuant to the oral contract. Afterwards, on August 10, 1967, Reeves and Burns signed a letter agreement with Moss, acting for Lago Vista, which was addressed to Moss and contained the following relevant provisions:

"This will confirm our agreement of a prior date concerning the employment by you of Havasu Sales Corporation . . . which was finally consumated between the undersigned and your company on Saturday, August 5, 1967.

"Whereas, we [Reeves and Burns] have been instrumental in securing the services of the Havasu Sales Corporation . . . to sell lots in the Lago Vista Subdivision . . . you have agreed that said Havasu . . . will be paid for their services 40% of all sales, and we as the procuring cause of such agreement, will be paid a 10% override of all funds generated by them and you will keep the remaining 50%. Further, that you will pay us an additional

5% override of your 50%, leaving you 45% of the total of all funds generated by the Havasu Sales Corporation . . . from the sale of lots in Lago Vista.

"This agreement is subject only to the provision that the said Havasu Sales Corporation . . . will be generating sales in the amount of $500,000.00 per month within 90 days after they announce that sales have commenced on a minimum average lot sales price of $4,000.00 . . ."

The jury found that at the time the letter was signed Moss orally agreed that the minimum sales requirement, found in the last paragraph, would be changed or modified to be the same as the minimum sales requirement in the contract later to be made between Lago Vista and Havasu.

But the jury failed to find that at the time Moss made the representation he did not intend to comply with it.

The record shows that early in October of 1967 Lago Vista entered into a contract with Havasu Sales which contained a minimum sales clause of $50,000 per month, and not the minimum of $500,000 per month stated in the agreement with Reeves and Burns dated August 10, 1967. Plaintiffs alleged that this information was withheld from them by Moss and was unknown to Reeves when he made a written agreement with Lago Vista on December 18, 1967, in which the parties spelled out further details of their prior agreements. In the writing of December 18 the parties stated that their agreement was "subject to the terms of our original letter agreement of August 10, 1967, as to cancellation for failure to sell sufficient property."

After the jury returned its verdict, Lago Vista moved for judgment on the verdict, or, alternatively, *non obstante veredicto,* their grounds therefor being: (1) the oral agreements found by the jury were legally immaterial because of the parol evidence rule and doctrine of merger, were unen-forceable under the Real Estate License Act, and were legally incomplete because lacking the essential elements of time and manner of payment; (2) the special issues found by the jury did not support a judgment for plaintiffs on any theory and all grounds of recovery not submitted were waived.

The trial court entered judgment November 6, 1972, that plaintiffs take nothing by their suit. Plaintiffs have appealed and rely on twenty-six points of error.

Appellants contend in substance that they should recover (1) under the oral agreements even though inconsistent with subsequent and contemporaneous written agreements; or (2) under the written contracts despite the minimum sales requirement which was not met.

We understand appellants to rely on two oral agreements. The first agreement was that Lago Vista would pay Reeves and Burns commissions of ten percent on all lots sold if Reeves and Burns brought to Lago Vista a sales group or company acceptable to Lago Vista to handle the selling program. The second oral agreement relied on was that the sales requirement of $500,000 per month, as stated in the letter agreement of August 10, 1967, would be changed to be the same minimum later to be placed in Lago Vista's contract with Havasu, the sales organization.

The jury found, as already noted, that both such oral agreements were made. The first agreement was made before the letter agreement of August 10 and the second oral agreement was made at the same time the letter agreement was entered into.

The jury also found that Moss represented to Reeves and Burns when the letter agreement was made that the minimum of $500,000 per month would be modified later to conform to the minimum in Havasu's contract, yet to be made, but the jury failed to find that Moss in making the statement did not intend to comply with his representation.

Appellants went to the jury relying on their oral agreements. The written agreements, first the letter agreement of August 10 and second the formal writing of December 18, contain the requirement that sales of lots attain a minimum of $500,000 per month and are in conflict with the oral agreements relied on. It is undisputed that the sales generated by Havasu did not attain the minimum of $500,000 per month.

It is settled that when contracting parties have concluded a valid integrated agreement, whether written or oral, dealing with the particular subject matter they have between them, the parol evidence rule will prevent enforcement of prior or contemporaneous agreements which are inconsistent with the integrated agreement. The rule precluding proof of the inconsistent agreements is not a mere rule of evidence but is a rule of substantive law, applicable as in this case to prior and contemporaneous oral agreements not collateral to, but inconsistent with, the written agreements. Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, 32 (1958).

Appellants and Lago Vista, in their letter agreement of August 10, stated that the letter ". . . will confirm our agreement of a prior date concerning the employment by you [Lago Vista] of Havasu Sales Corporation . . . which was finally consumated between the undersigned [Reeves and Burns] and your company on Saturday, August 5, 1967." This language demonstrates that the parties were bringing together in writing their previous understanding. The writing of August 10 and the later contract of December 18 are consistent as between the two.

Appellants pleaded a prior oral agreement and an oral representation contemporaneous with the letter agreement of August 10 in an apparent effort to avoid the effect of the requirement in the writings that sales attain a minimum of $500,000 per month. The prior oral agreement and the contemporaneous representa-

tion, or agreement, are in direct conflict with the integrated contracts on the subject. The prior and contemporaneous agreements inconsistent with the integrated written contracts must be considered either waived or as merged into the writings. Extrinsic evidence may not vary the terms of the valid contract. Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47, 48 (1937); Jones v. Risley, 91 Tex. 1, 32 S.W. 1027, 1030 (1895).

There is no contention by appellants that the minimum requirement of sales per month was placed in the writings because of accident or mistake, and whatever contention they made that the contemporaneous oral representations of August 10 constituted fraud was rejected by the jury. The writings may not be modified or varied by parol evidence of prior or contemporaneous oral agreements. Jones v. Riley, 471 S.W.2d 650, 661–662 (Tex. Civ.App. Fort Worth 1971, writ ref. n. r. e.).

Appellants argue on appeal that the oral agreement, made prior to the first writing of August 10, was not merged into the written agreements because the agreement was not executory on both sides. It is true that Reeves and Burns had brought Havasu to a negotiation with Lago Vista prior to the first writing of August 10, but when the writing was signed by the parties, to "confirm our [their] agreement of a prior date," the requirement of sales amounting to $500,000 per month had not been met, a provision to which the contract was subject. Although partial performance had taken place, merger of the oral agreement into the written agreement executed subsequently was not thereby precluded. Gulf Oil Corporation v. Spence & Howe Construction Company, 356 S.W.2d 382, 387 (Tex.Civ.App. Houston 1962, affirmed 365 S.W.2d 631).

As to the written agreements, appellants contend there was no consideration for the requirement of sales of $500,000 per month. Appellants pleaded the written

contracts and offered them in evidence without reservation or limitation. Appellants pleaded an oral. contract prior to August 10 which called for payment of commissions of ten percent on sales of lots. The writing of August 10 provided for an additional five percent in commissions, which would constitute sufficient consideration for the entire writing. Rhoads Drilling Co. v. Allred, 123 Tex. 229, 70 S.W.2d 576, 583 (1934); Bright v. Wieland, 127 S.W.2d 372 (Tex.Civ.App. El Paso 1939, writ ref. per curiam opinion 133 Tex. 323, 128 S.W.2d 1137).

Appellants' effort to single out the requirement of $500,000 and argue that it is without consideration is contrary to the rule that a single consideration may support the promises bargained for in the agreement. Lee v. Lee, 275 S.W.2d 574, 576 (Tex.Civ.App. Texarkana 1955, writ dsmd.); Mitchell v. Lawson, 444 S.W.2d 192, 196 (Tex.Civ.App. San Antonio 1969, no writ). Moreover, in seeking to avoid the provision of the writings that sales attain a minimum of $500,000 per month, appellants challenge the matter, constituting an avoidance or affirmative defense, for the first time on appeal. We find no pleading by appellants on this issue in compliance with Rule 94, Texas Rules of Civil Procedure. The Rule is applicable to appellants as plaintiffs below as well as to defendants. LoBue v. United Services Planning Association, 467 S.W.2d 574, 576 (Tex.Civ.App. Fort Worth 1971, writ dsmd.); McDonald: Texas Civil Practice, vol. 2, sec. 8.02, p. 319 (1970 rev. vol.).

The oral agreements found by the jury were agreements prior to or contemporaneous with inconsistent written agreements. The written agreements were supported by legally adequate consideration. The jury failed to find fraud in the making of the written agreements, and there is no contention that the writings came about through mistake or accident. The jury's findings of oral agreements were immaterial, and the trial court correctly entered judgment that plaintiffs take nothing by their suit.

Judgment of the trial court is affirmed.

Affirmed.